Bobby Lee MOORE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13860.

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 7, 1985.

John W. Nichols, Kennett, for movant-appellant.

John D. Ashcroft, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Rule 27.26[1] proceeding. In his amended motion to vacate sentence and set aside guilty pleas, movant, Bobby Lee Moore, alleged that on March 1, 1983, he entered guilty pleas on two separate charges of first degree robbery, and was sentenced to ten years' imprisonment for each offense, with the sentences to run consecutively. Moore contended that the guilty pleas were not "voluntarily and understandingly" made, for the reason that before the pleas were entered, his attorney 1) did not advise him of the elements of the crimes charged and that the state would have to prove every element in order to convict him, 2) did not advise him what evidence the prosecution had and what were the relative strengths and weaknesses of the state's case, 3) failed to advise him on the possibility of suppressing identification evidence and of severing the cases for trial, 4) told Moore that if he did not plead guilty and insisted on a trial, he would be severely punished by receiving three life sentences if convicted, 5) told Moore to lie at the guilty plea hearing and say he did the acts charged in the two robbery informations when, in fact, he did not, and 6) told Moore all he could do for him was to plead him guilty.

The motion also alleged that the guilty pleas were taken in violation of the Missouri Rules of Criminal Procedure because 1) Moore was not given a copy of the robbery informations before he was required to plead to them, in violation of Rule 24.01, and 2) the trial court did not personally inform him of the matters required by Rule 24.02(b) which are that the trial court, before accepting a plea, personally advise a defendant of the nature of the charge, the minimum and maximum penalties, that he has a right to plead not guilty, a right to a jury trial, the right to assistance of counsel, the right to confront and cross-examine witnesses against him, the right not to be compelled to incriminate himself, and that by pleading guilty, he waives his right to trial.

The prosecuting attorney then filed a motion to dismiss the 27.26 proceeding, without evidentiary hearing, alleging that Moore had not stated any facts entitling him to relief, that his allegations were conclusively refuted by the record, that there was no issue of any material fact created by the motion's allegations, and that even if it were assumed that the motion's allegations were true, Moore had failed to allege or show how he was prejudiced thereby.

The motion to dismiss was sustained, with the motion court opining that Moore's motion to vacate the guilty pleas did not allege sufficient facts to warrant the sustaining of such motion, and did not state facts sufficient to indicate the violation of any of Moore's constitutional rights. No evidence was heard before the motion court sustained the state's motion to dismiss.

■ On appeal, Moore contends the motion court erred in sustaining the motion to dismiss without an evidentiary hearing. If a motion to vacate sentence and set aside a guilty plea alleges facts which, if true, would entitle movant to relief, and those alleged facts are not conclusively refuted by the record, an evidentiary hearing is required. *Jarvis v. State,* 645 S.W.2d 141, 142 (Mo.App.1982); Rule 27.26(e).

■ We have carefully reviewed the record, including the transcript of the guilty plea proceedings to determine whether those documents conclusively refute those allegations of fact. In our opin-

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

ion, they do not. Of particular concern to us are the allegations that trial counsel threatened Moore with three life sentences if he did not plead guilty, and told him to lie when he got to court, presumably as to whether he was guilty of the charges. The only things in the plea session transcript remotely connected with these issues are as follows:

THE COURT: Are you fully satisfied with the services of Mr. Coleman?

DEFENDANT: Well, yeah.

THE COURT: Has he done everything you asked him to do?

DEFENDANT: Well, uh—Well, I plead guilty.

THE COURT: Well, are you satisfied with his services? Do you think he's done everything—

DEFENDANT: Well, I must be satisfied if I plead guilty.

THE COURT: Well, just answer that you are then. You are satisfied. He's done—

DEFENDANT: Yes—

THE COURT: —everything you've asked him to do.

DEFENDANT: —I'm satisfied.

. . . .

THE COURT: Has anyone forced you or threatened you or promised you anything, other than plea-bargaining, in order to cause you to enter a plea of guilty here today?

DEFENDANT: No one has promised me, but it was more of a bargain that I consider.

THE COURT: Well, there was plea-bargaining made.

DEFENDANT: Right.

THE COURT: Mr. Hazel, this plea-bargain, will you please explain it?

MR. HAZEL: Your Honor, our bargain is if Mr. Moore enters a plea of guilty on both of these charges, Robbery in the First Degree, and, of course, by entering pleas admits robbing both of these individuals, the State will recommend ten years in the Department of Corrections on each case to run consecutively for a total of twenty years.

THE COURT: That was the plea-bargain agreement?

DEFENDANT: Yeah.

These questions and answers do not conclusively refute the alleged facts in question. Since an evidentiary hearing was mandated, it was error for the motion court to sustain the state's motion to dismiss without evidentiary hearing.

The judgment of the motion court is reversed and the cause is remanded for an evidentiary hearing on all issues of fact raised in movant's amended motion.

CROW, P.J., and TITUS and FLANIGAN, JJ., concur.