**Michael LaROSE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51834.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 10, 1987.

Donald J. Hager, Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the dismissal of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to stealing in excess of $150. As part of his plea bargain, movant obtained a dismissal of a pending case and the State did not oppose probation. The trial court subsequently sentenced movant to seven years' imprisonment.

Movant claims his attorney promised him he would get probation and told him to lie at the guilty plea hearing. Movant relies on *Moore v. State*, 685 S.W.2d 627 (Mo. App.1985), where the court reversed a Rule 27.26 court's dismissal of a Rule 27.26 motion without an evidentiary hearing. In *Moore*, the court found the facts alleged in the Rule 27.26 motion were not refuted by the record and the alleged facts, if true, would entitle movant to relief. One of the facts alleged by the movant in *Moore* was that he had been told to lie at the guilty plea hearing. There were other alleged facts, notably the trial attorney's threat of three life sentences if movant did not plead guilty, that the *Moore* court found were not refuted by the record.

█ A mere allegation that his attorney told him to lie at his guilty plea hearing does not entitle movant to an evidentiary hearing. *Wade v. State*, 698 S.W.2d 621, 623[7] (Mo.App.1985). In *Moore*, there was a reason for lying that was not refuted by the record. This reason could affect the voluntariness of the guilty plea. In the present case, movant's allegation that he pled guilty because his trial attorney promised him probation is clearly refuted by the record. Even if movant's attorney did make the promise, the trial court informed movant no promises or recommendations concerning probation were binding upon the court and movant could receive any punishment within the range provided by law. Movant was informed about the legal range of punishments. After all of this, movant again indicated he desired to plead guilty.

█ Movant's allegation that he lied at the guilty plea hearing is refuted by the record where he replied affirmatively to a question about whether he had answered truthfully. Moreover, movant's claimed reason for lying no longer existed after the trial court informed him his attorney could not legitimately promise probation. Even if movant continued to lie as he claims, the proof of this fact would not entitle him to relief because it does not show the guilty plea was involuntary. The Rule 27.26 court properly dismissed the motion without an evidentiary hearing.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.