Andre WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 54722.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 15, 1988.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Appeal is taken from the trial court's grant of summary judgment denying movant's 27.26 motion without an evidentiary hearing. On August 9, 1983, movant pled guilty to second degree robbery and to two counts of escape from confinement. Pursuant to a plea agreement, the court sentenced him to fourteen years on the robbery charge and to three and two years on the escape counts. The sentences run concurrently.

On November 2, 1987, movant filed a *pro se* 27.26 motion alleging ineffective assistance of counsel and lack of jurisdiction over one of the escape from confinement charges. The motion court appointed counsel who filed amended motions alleging that appellant's guilty plea to robbery was made involuntarily due to ineffective assistance of counsel. Specifically alleging that trial counsel advised movant that because the victim was white, he would receive life imprisonment if he pursued trial; that movant's alibi witness was not a good witness because she was his girlfriend; and that counsel told movant how to respond to the court's questions regarding the voluntariness of his guilty plea.

The trial court, entering findings of fact and conclusions of law, granted the state's motion for summary judgment without an evidentiary hearing. Movant appeals.

Movant contends that his allegations that counsel advised him he would receive a life sentence if he exercised his right to a jury trial coupled with his allegation that counsel coached him on responses to the court's questions when he pled guilty were not clearly refuted by the record and were relevant as to whether his guilty plea was knowing, voluntary and intelligent. Movant is convinced the trial court therefore committed clear error in denying his 27.26 motion without an evidentiary hearing.

Appellate review of post-conviction relief is limited to a determination of whether the findings, conclusions and judgments of the hearing court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Missouri Supreme Court Rule 27.26(j). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Sanders*, 738 S.W.2d at 857. Where the accused has entered a plea of guilty, adequacy of representation is material only if ineffective representation has affected the voluntariness and understanding of the plea. *Hemme v. State*, 680 S.W.2d 734, 736 (Mo.App.1984).

A movant is entitled to an evidentiary hearing if, (1) he alleges facts in his motion which, if true, would entitle him to relief; (2) those facts alleged are not conclusively refuted by the record; and (3) the matters complained of resulted in prejudice. *State v. Motsinger*, 728 S.W.2d 633, 634 (Mo.App.1987). Where a motion to vacate a sentence pursuant to Rule 27.26 does not state facts sufficient to entitle movant to any relief, the petition may properly be overruled and a motion for summary judgment granted without the necessity for a hearing. *State v. Roberts*, 400 S.W.2d 175, 176 (Mo.1966).

In his brief, movant relies heavily on *Moore v. State*, 685 S.W.2d 627 (Mo.App. 1985). In that case the court found an evidentiary hearing was required where Moore alleged *inter alia* that trial counsel threatened him with three life sentences if he did not plead guilty and told Moore to lie in court, "presumably as to whether he was guilty of the charges." *Moore*, 685 S.W.2d at 629. Such allegations were not refuted by the record. Thus, the court held an evidentiary hearing was required.

In the instant case, movant has not alleged that his response to the court's questions were in any way false, nor that his counsel advised him to answer falsely. Further, trial counsel correctly informed movant that he could receive a life sentence for robbery in the first degree. Section 569.020 RSMo (1986); Section 558.011 RSMo (1986). Movant chose to avoid exposing himself to the risk of the possible life sentence for first degree robbery by pleading guilty to second degree robbery. Movant's claims of ineffective assistance of counsel amount to little more than an assertion that trial counsel did his job. The record read in its entirety indicates the movant had a full understanding at his plea and sentencing and that he entered his plea voluntarily.

The motion court properly concluded that movant had not plead the requisite unrefuted facts which would entitle him to an evidentiary hearing. We affirm the motion court's decision.

CARL R. GAERTNER, J., and SIMEONE, Senior Judge, concur.