John William SEDERES, Appellant,

v.

STATE of Missouri, Respondent.

No. 56157.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1989.

David C. Hemingway, Rebecca Stith, St. Louis, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial without an evidentiary hearing of his motion to vacate, correct or set aside the sentence and judgment pursuant to Rule 24.035. We reverse and remand.

Movant pleaded guilty on July 20, 1987, to three counts of sodomy and one count of armed criminal action. Movant was sentenced to concurrent terms of fifteen years' imprisonment on each sodomy count and twenty-three years' imprisonment on the armed criminal count for a total of twenty-three years' imprisonment.

Movant filed a motion to vacate sentence pursuant to Rule 24.035 on April 28, 1988. Counsel was assigned and movant filed a first amended motion and request for evi-

dentiary hearing. Movant alleged in his motion trial counsel failed to adequately investigate known witnesses and evidence. Movant also contended the two times trial counsel met with movant he focused his discussions on movant pleading guilty. Because of trial counsel's ineffectiveness, movant contends his guilty plea was not given voluntarily.

This motion was denied without an evidentiary hearing on December 16, 1988. The motion court made no findings of fact or conclusions of law but stated:

> State's motion to dismiss motion 24.035 called.
> Parties appeared by attorneys:
> For State: John Lord
> For movant: James McKay
> Motion sustained.
> Cause dismissed. No costs.

Movant now appeals the denial of his motion without an evidentiary hearing. He alleges the motion court erred in failing to render sufficient findings of facts and conclusions of law to enable review and denying movant's claim without an evidentiary hearing.

■ Movant initially contends the motion court erred in failing to render findings of fact and conclusions of law. Rule 24.035(i) states, in part, "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held...." Further, findings and conclusions may not be supplied by implication from the motion court's ruling. Specific findings and conclusions are contemplated and required. *Fields v. State*, 572 S.W.2d 477, 483[2, 3] (Mo.banc 1978).

Here, the motion court erroneously failed to make any findings of fact or conclusions of law. *See Tettamble v. State*, 684 S.W.2d 67 (Mo.App.1984). Movant's first point is meritorious.

In movant's second point, he alleges the trial court erred in denying his motion without an evidentiary hearing on the grounds trial counsel's ineffectiveness tainted the voluntariness of his guilty plea.

■ The standard for determining whether movant is entitled to an evidentiary hearing requires movant plead facts, not

conclusions, which if true would entitle him to relief and such factual allegations are not refuted by the record in the case. *Reeder v. State*, 712 S.W.2d 431, 432[1] (Mo.App.1986). Movant is entitled to an evidentiary hearing on the issue of the voluntariness of his plea where the record of the guilty plea proceeding does not conclusively show his plea was made voluntarily or intelligently. *Id.* at 433 [6, 7]. Once a guilty plea results, adequacy of representation bears only on whether the plea was made voluntarily or knowingly. *Wade v. State*, 698 S.W.2d 621, 622[2] (Mo.App. 1985).

■ In movant's motion, he alleges trial counsel failed to interview a witness named Rosalyn living at 7229A Moller Avenue in Maplewood who would testify movant lived with the victim. Movant also contends trial counsel failed to investigate victim's alleged history of mental illness which included unsubstantiated claims of sexual abuse. Movant states had trial counsel adequately prepared his case for trial, he would not have pleaded guilty.

The following excerpts from the guilty plea proceeding reveal movant's plea was equivocal:

Q: [by the court] Are you satisfied with [trial counsel's] services to you?

A: [by movant] Yeah, I have to be.

Q: Well, you don't have to be sir, I'm asking you if you are.

A: Yeah. I have to be, though.

Q: Do you claim to be innocent of these charges for any reason?

A: I am, but I can't prove none of it. That's what I'm trying to say; so I'm taking teh [sic] 23.

. . . . .

Q: You're not claiming that you're innocent, are you?

A: No, not now.

Q: You're telling the court you're pleading guilty with a full awareness, in fact you are guilty?

A: Yes, I have to.

A further review of the guilty plea proceeding reveals movant had been treated for alcoholism and was suffering from depression because his father died shortly before

the proceedings. Movant also questioned his mental competency.

In *Moore v. State*, 685 S.W.2d 627 (Mo. App.1985), defendant pleaded guilty to two counts of first-degree robbery. His motion to vacate his sentence and set aside his guilty plea was denied without an evidentiary hearing. In his motion, defendant alleged he was threatened with an increased sentence if he did not plead guilty. However, defendant's contentions were not clearly refuted by the record. At the guilty plea proceeding, when asked if he was satisfied with trial counsel's services, defendant replied, "Well, I must be satisfied if I plead guilty." The judgment was reversed and remanded for an evidentiary hearing. *Id.* at 629[2].

In the present case the factual allegations of movant's motion are found wanting; however, we believe the allegations are sufficient for an evidentiary hearing in view of the equivocal guilty plea. The questions and answers from the guilty plea proceeding do not conclusively refute the alleged facts in question. The judgment of the motion court is reversed and remanded for an evidentiary hearing on the issue raised in movant's motion. *See Moore v. State*, 685 S.W.2d at 629[2].

GARY M. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.