**Dennis Vern WINANS,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16496.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 21, 1990.

Rosalynn Koch, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Dennis Vern Winans appeals from the motion court's denial of his motion for post-conviction relief pursuant to Rule 27.26,[1] seeking to set aside his conviction entered after his plea of guilty to a charge of rape, § 566.030,[2] for which he was sentenced to 10 years' imprisonment. We affirm.

Winans was charged by information with the class B felony of rape by means of having sexual intercourse with his 11 year-old daughter. At the preliminary hearing on the charge, the child testified that her father had had sexual intercourse with her on a number of occasions, and there was

---

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed.1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending pri-

or to January 1, 1988. Rule 24.035(*l*), Missouri Rules of Criminal Procedure (19th ed.1988).

2. Unless indicated otherwise, all references to statutes are to RSMo (Cum.Supp.1984), V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

testimony from Winans' sister that he had admitted to her that he had sexually abused the child. On March 11, 1986, Winans elected to enter what is known in law as an Alford plea, which is a guilty plea in which the defendant does not specifically admit guilt, but enters the plea, nevertheless, to avoid the possible increased punishment if he stood trial. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Winans achieved that result as the range of punishment on conviction of the crime in question, which was a class B felony, was five to fifteen years imprisonment. The trial court assessed a 10-year sentence.

Following incarceration, Winans filed a motion to vacate his conviction and sentence which, after amendment by court-appointed counsel, alleged that his trial counsel was ineffective because he 1) told Winans that he would receive a sentence of no greater than seven years if he entered the Alford plea, 2) failed to advise Winans to plead not guilty by reason of mental disease or defect, 3) failed to advise Winans that he had a right to waive jury sentencing and elect to be sentenced by the trial judge, in the event he elected to have a jury trial and was found guilty, and 4) failed to advise Winans that the facts of the case came within the scope of the incest statute, a lesser felony than rape, and had Winans known this, it would have given him an opportunity to negotiate a plea bargain.

Following an evidentiary hearing, at which movant's only witness was himself, the motion court entered the following findings of fact, conclusions of law, and judgment:

1. That the Movant fails to sustain the burden of proof that his counsel misled him into believing he would receive a sentence of no more than 7 years to the Department of Corrections because the transcript of the plea of guilty clearly reflects that the Prosecutor would be free to argue for a sentence of 15 years (the maximum) at sentencing and that Movant was relying upon the presentence investigation to reflect no prior offenses and otherwise provide the sentencing Judge with a basis for a lessor sentence.

2. That the Movant has no constitutional or legal right to be sentenced by a jury and the record reflects that he clearly understood that if his Alford [p]lea were accepted there would be no further trial or jury, which right he specifically waived.

3. That on oral motion for a mental examination presented by defense counsel the Court found that said motion was out of time but still made inquiry concerning the advisability of a mental examination and the Movant presenting no persuasive evidence of any need, the Court deprived the Movant of no constitutional or legal right in exercising its discretion to deny a mental examination to inquire into the mental capacity of the Movant at the time the offenses were alleged to have occurred.

4. That counsel for the Movant was not ineffective for failure to plead the Movant not guilty by reason of mental disease of [sic] defect because there was no substantial evidence to support such a plea.

5. That counsel for the Movant was not ineffective if he did not advise the Movant of the offense of incest which carries a lessor penalty because it is not a lessor included offense of the one charged and, in fact, Movant was never charged with incest.

6. That a review of the record shows no deprivation of Movant's constitutional or legally protected rights and his Amended Motion under Rule 27.26 is denied.

On appeal, Winans relies on two points, which are that his trial counsel was ineffective in 1) failing to inform him of his option to have trial by jury, but to waive jury sentencing in the event he was found guilty, and 2) failing to pursue a mental disease or defect defense. Our review is limited to a determination of whether the motion court's findings and conclusions on these two issues are clearly erroneous. Rule 27.26(j).

In order to establish a claim of ineffective assistance of counsel, a movant must not only show that the performance of counsel was deficient, but must also show that he was prejudiced by such deficiency. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Where, as here, a movant's conviction is the result of a guilty plea, his lawyer's performance is material only if it affects the voluntariness and understanding of the plea. *Williams v. State*, 760 S.W.2d 200, 201 (Mo.App.1988). Before accepting the guilty plea from Winans, the trial court patiently and exhaustively explained to him his rights, including a right to trial by jury. It is quite evident from Winans' answers that he wished to avoid a jury trial, and to be sentenced by the court. He achieved those goals.

Winans indicated that he believed that a jury would find him guilty, and would probably assess a greater punishment than would the trial court. The plea achieved that result, as the sentence was less than the maximum that could have been assessed. We cannot see how Winans was prejudiced by the outcome. Under the circumstances, he is lucky that he did not receive a more severe sentence than he did.

Winans' remaining claim of error is that his trial counsel was ineffective by not timely filing a request that Winans be examined by a psychiatrist, so that he might possibly raise a defense of not guilty by reason of mental disease or defect. The defense counsel for Winans did request a mental examination. Even though the request was untimely, the trial court considered the request, and rejected it, not on the grounds that it was untimely, but because there was no persuasive evidence for it.

We have examined the record, and agree with the motion court that there was no factual basis for ordering a mental examination of Winans. In the absence of evidence of mental instability, there is no duty on the part of counsel to initiate an investigation into the mental condition of the accused. *O'Neal v. State*, 724 S.W.2d 302, 306 (Mo.App.1987). In addition, there is nothing in the record that indicates that if Winans had been given a mental examination that the result of the examination would have aided a mental disease or defect defense.

The findings and conclusions of the motion court are not clearly erroneous. The judgment denying Winans' motion to vacate is affirmed.

CROW, P.J., and PARRISH, J., concur.