**Carlos F. GARCES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 18552.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 5, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

This is an appeal from the denial, without an evidentiary hearing, of movant's motion for postconviction relief under Rule 24.035. We affirm.

In his underlying criminal case, movant was charged with trafficking drugs in violation of § 195.223, RSMo Supp.1992. He pleaded guilty and was sentenced to a fifteen-year-term of imprisonment.

Movant filed a pro se Rule 24.035 motion. Thereafter, counsel was appointed for him and an amended motion was filed. The amended motion alleged the attorney representing movant at the time of his guilty plea was ineffective in numerous respects and that movant's interpreter was "inadequate" because he could not understand her.

In denying movant's motion, the motion court found, *inter alia*, that the contentions in movant's motion were refuted by the record of the guilty plea proceedings. Specifically, the court found the following: (1) the interpreter testified under oath to her ability to communicate with movant in his language (Spanish) and that she was born and raised in Colombia, which is movant's native country; (2) the interpreter was duly appointed and sworn as the official interpreter for movant; and (3) movant testified under oath that he did not rely on any promises in pleading guilty.

The applicable scope of review in this case is set forth in *Edmonds v. State*, 819 S.W.2d 90 (Mo.App.1991).

This court's review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j). . . . Further, since movant pleaded guilty to the underlying criminal charges, "[a]ny claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo.App.1990).

*Id.* at 91.

Where a claim of ineffective assistance of counsel is made, "the focus is on (1) counsel's performance, and, (2) if that performance is deficient, whether prejudice resulted from

counsel's breach of duty." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Movant's single point on appeal is that the motion court erred in denying his motion without an evidentiary hearing because the record of the hearing at which he pleaded guilty does not refute the allegations he made in his motion. Movant asserts his counsel was ineffective in four respects:

(1) Counsel threatened him with a life sentence if he did not plead guilty;

(2) Counsel failed to obtain an "adequate" interpreter whom movant could understand, and failure to do so affected his ability to enter a plea in a knowing and voluntary fashion;

(3) Counsel misadvised movant through the interpreter that he would be sentenced to ten years and would be considered for deportation to his native country in three years; and

(4) Counsel failed to provide a letter to the court which confirmed movant's cooperation with governmental authorities.

A hearing on a Rule 24.035 motion is not required "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief." Rule 24.035(g); *See Thurlo v. State*, 841 S.W.2d 770, 771 (Mo.App.1992).

As the motion court found, the record refutes contentions (1) and (3). First, movant heard his own counsel announce to the court that no plea bargain had been made and that "this is a stand-up plea." Movant later testified that no one promised him anything in return for his guilty plea, that he was not threatened in any manner, and that no one was forcing him to plead guilty. Thus, movant's own testimony refutes these contentions.

Movant suggests his case is like *Moore v. State*, 685 S.W.2d 627 (Mo.App.1985), where this Court held that an evidentiary hearing was required because the movant alleged, among other things, that his attorney had threatened him with three life sentences if he did not plead guilty. In *Moore*, the record only revealed that movant was "satisfied"

with his attorney's services and that no one promised anything except the plea bargain. Of particular concern to this Court was movant's additional allegation that his counsel told him to lie when he got to court and to say he committed the crimes when, in fact, he had not. We found neither allegation was refuted by the record. In the instant case, movant testified under oath that no one threatened him or forced him to plead guilty (unlike *Moore*), and there is no allegation that movant's attorney told him to lie in court. *Moore* is factually distinguishable and does not aid movant.

 Likewise, the record refutes contention (2) in that movant's interpreter was competent and fluent in speaking and interpreting the Spanish language into English and vice versa. After being duly sworn, interpreter Barbarek testified that she had previously spoken with movant and that they were able to communicate. Barbarek testified that she was born and raised in Colombia, movant's native country. In college she had studied English, French and Spanish. She previously had acted as an interpreter in both federal and state courts.

In addition, the trial court questioned movant at length before accepting his guilty plea. Movant's answers, under oath, were all responsive to the questions and revealed no confusion in understanding all the questions by the court. For example, movant responsively gave his age, residence, length of marriage, employer's name, and the extent of his education. When asked about his children, movant said he had "one on the way." Movant does not contend his answers were inaccurate. Had movant not understood his interpreter, at least some of his answers would have been unresponsive, thus indicating a lack of understanding of the questions propounded. Movant points to nothing in the record which reveals he misunderstood any question or where he gave an unresponsive answer.

Finally, the record refutes movant's last contention that his attorney failed to provide the court with a letter outlining his cooperation with authorities. Movant testified he was satisfied with the services of his attorneys. He also answered "no" to this question:

> THE COURT: Have [movant's attorneys] failed to do anything that you did want them to do?

The motion court's findings are not clearly erroneous and are fully supported by the record. Movant's point has no merit. Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.