Benjamin MEEKS, Appellant,

v.

STATE of Missouri, Respondent.

No. 64228.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 16, 1994.

Application to Transfer Denied
June 21, 1994.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

On June 8, 1992, Defendant pleaded guilty to second degree burglary and misdemeanor stealing under Cause No. 911–2493 and a second charge of second degree burglary under Cause No. 921–331A. The trial court sentenced Defendant as a Class X offender to concurrent terms of ten years' imprisonment for each charge of second degree burglary and one year imprisonment for misdemeanor stealing. Defendant subsequently filed a *pro se* Rule 24.035 motion, later amended by counsel, for post-conviction relief. The motion court denied said motion without an evidentiary hearing. We affirm.

In his first and second points, Defendant contends the motion court erred in denying, without hearing, his claims that his trial counsel was ineffective for: (1) misleading him to believe he would receive a thirty-year sentence if he went to trial; and (2) failing to adequately inform him of the consequences of pleading guilty as a Class X offender.

■ A hearing is not required for a Rule 24.035 motion if "the files and record of the case conclusively show that the movant is entitled to no relief. . . ." Rule 24.035(g). To be entitled to an evidentiary hearing, the motion must plead facts, not conclusions, which if true would warrant relief, the allegations must not be refuted by the record, and the matters must prejudice Defendant. *Thurlo v. State*, 841 S.W.2d 770, 771[2] (Mo. App.1992). We review the motion court's denial only to determine if the findings and conclusions are clearly erroneous. Rule 24.-035(j).

■ To show ineffective assistance of counsel, Defendant must show his trial counsel was deficient and that deficiency preju-

diced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674 (1984). After Defendant pleaded guilty, his claims of ineffective assistance of counsel are cognizable only to the extent they affect the voluntariness of his guilty plea. *Fox v. State*, 819 S.W.2d 64, 66[4] (Mo.App.1991). Defendant first contends his attorney mislead him to believe he would receive thirty years if he went to trial. In denying this point, the motion court found this claim to be conclusively refuted by the record.

■ In support of his contention, Defendant first argues: "Erroneous advice about the penalty to follow a plea of guilty prevents the defendant from entering an informed, intelligent, and constitutionally voluntary plea of guilty." Defendant relies upon *Wiles v. State*, 812 S.W.2d 549, 552[5] (Mo.App. 1991), and *Perryman v. State*, 755 S.W.2d 598, 602[3] (Mo.App.1988), where the courts recognized a misunderstanding about the maximum possible punishment could render a guilty plea involuntary. However, those cases involve the specific situation where counsel incorrectly informed the defendant of the maximum penalty that could be imposed for the offenses to which the defendant pleaded guilty. *Wiles*, 812 S.W.2d at 552; *Perryman*, 755 S.W.2d at 602. Defendant's case is not a situation where he was incorrectly informed about the maximum possible punishment. At the hearing, the State correctly stated the maximum punishment for both second degree burglary and misdemeanor stealing.

■ In contrast, "[t]he mere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary." *Spencer v. State*, 805 S.W.2d 677, 679 (Mo.App.1990). Therefore, counsel's suggestion Defendant would receive 30 years if he went to trial does not amount to legal coercion. In addition, his suggestion was not erroneous advice. At his guilty plea hearing, Defendant specifically testified he understood the full range of punishment, which on the three counts could go up to forty-one years. He further stated no one had threat-

ened, intimidated, or forced him to plead guilty.

However, Defendant further argues: "Attorneys cannot purport to know with certainty that any particular sentence will follow conviction in trial." He relies upon *Moore v. State,* 685 S.W.2d 627 (Mo.App.1985), where the Southern District held the defendant was entitled to an evidentiary hearing on his claim his attorney coerced his guilty plea by threatening him with three life sentences if he did not plead guilty and telling him to lie about his guilt. *Id.* at 629[2].

*Moore* is inapplicable. In *Moore,* the defendant never clearly stated his plea had not been coerced. *Id.* Unlike *Moore,* Defendant clearly stated no one had threatened him to plead guilty. Also, Defendant did not allege he was told to lie about his guilt. *See, Garces v. State,* 862 S.W.2d 509, 510–11[1] (Mo. App.1993); *Williams v. State,* 760 S.W.2d 200, 202[5] (Mo.App.1988). Point denied.

■ Regarding Defendant's second claim of ineffective assistance of counsel, Defendant contends he did not understand the consequences of pleading guilty as a Class X offender. Specifically, Defendant contends the record fails to show that anyone ever explained to him that he would have to serve a minimum of eight years on ten-year sentences.

Section 558.019.2(3) provides a Class X offender must serve a minimum prison term of "eighty percent of his sentence." At his hearing, the State clearly stated Defendant would have to serve eighty percent of his sentence. When questioned by the court whether he understood he would have to serve eighty percent of his sentence, Defendant stated, "Yes, ma'am." The record clearly shows Defendant was aware he had to serve eighty percent of his sentence as a Class X offender. However, now Defendant contends those statements do not refute his claim because no one explained to him that eighty percent of ten years equals eight years.

Defendant's contention is without merit. First, Defendant's motions did not include this specific allegation. Rather, his motions listed only a conclusory allegation that his counsel "failed to adequately inform [him] of the affects (sic) the Class 'X' offender statute would have on any imposition of any sentece (sic) [he] would plead to. . . ." Without a more specific allegation, the motion court did not clearly err in holding the above claim was refuted by the record where Defendant stated he understood he had to serve eighty percent of his sentence.

Second, it is not beyond the realm of possibility to believe a person with a ninth grade education can understand that eighty percent of ten years equals eight years, and that further, Defendant understood it. When questioned about his understanding of Class X offender status, Defendant never indicated he did not understand the consequences or that eighty percent of ten years equals eight years. The trial court specifically asked Defendant whether he had any questions. Further, Defendant averred his trial counsel had answered all of his questions and he was satisfied with her legal services. Point denied.

■ In Point III, Defendant argues the motion court clearly erred in upholding his sentence as a Class X offender because the State failed to prove beyond a reasonable doubt his three prior convictions were for crimes committed "at different times."

Defendant failed to raise this issue in his motion. However, even if preserved for our review, Defendant's point will fail. At the hearing, the State averred three prior convictions: (1) second degree burglary on March 18, 1980; (2) attempted first degree burglary on November 12, 1982; and (3) illegal possession of a controlled substance on March 18, 1980. The State specifically alleged all the felonies occurred at different times. Defendant admitted these allegations were true. These admissions are sufficient to support Defendant's conviction as a Class X offender. § 558.021.5, RSMo 1986; *Hight v. State,* 841 S.W.2d 278, 282 (Mo.App.1992); *See also, Morgan v. State,* 865 S.W.2d 791, 792[3] (Mo. App.1993). Point denied.

In Point IV, Defendant alleges:

IN THE ALTERNATIVE, THE COURT ERRED IN FAILING TO APPOINT NEW COUNSEL UNDER RULE 24.-

035(e) TO AMEND [DEFENDANT'S] MOTION WITH ALL MERITORIOUS CLAIMS KNOWN TO HIM WHERE THE RECORD SHOWS COUNSEL FILED A MEAGER AMENDMENT WHICH WAS HARDLY MORE LAW-YERLIKE THAN THE PRO SE MOTION IT PURPORTED TO AMEND AND WHICH FAILED TO RAISE THE CLAIM THAT THE STATE FAILED TO PROPERLY PROVE THE ELEMENTS NECESSARY TO PUNISH [DEFENDANT] AS A CLASS X OFFENDER UNDER SECTION 558.019.

Defendant relies upon *Luleff v. State*, 807 S.W.2d 495, 498[5] (Mo. banc 1991), where the Supreme Court found complete abandonment by post-conviction counsel required the motion court to make an inquiry into the performances of counsel and the defendant. After inquiry, if the motion court should determine counsel has failed to act on behalf of the defendant, through no fault of the defendant, then the motion court shall appoint new counsel and allow time for an amended motion. *Id.* at 498[7].

■ Defendant's case is distinguishable. It does not involve a case of abandonment, where there is no record of any activity by his post-conviction counsel. Instead, his claim is merely one of ineffective assistance of post-conviction counsel. That claim is not cognizable under Rule 24.035 and is categorically unreviewable. *See, State v. Hunter*, 840 S.W.2d 850, 871[52] (Mo. banc 1992); *State v. Ervin*, 835 S.W.2d 905, 928–29[47, 48] (Mo. banc 1992). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.