**Chet LOUDERMILK, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 73232.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 11, 1998.

Rosemary D. McGuire, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Chet Loudermilk (Loudermilk) appeals the denial of post conviction relief pursuant to Rule 24.035. He pled guilty to one count of

second degree robbery, one count of attempted robbery, and one count of stealing a credit device. The motion court denied the motion without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

The state originally charged Loudermilk by indictment with: (1) the Class A felony of first degree robbery; (2) the Class B felony of attempted second degree robbery; and (3) the Class C felony of stealing a credit device. It amended the first degree robbery count to a charge of second degree robbery, a Class B felony. On November 12, 1996, Loudermilk withdrew his not-guilty plea and pled guilty to the amended charges. The state outlined the available evidence which would support findings that: (1) on July 22, 1995, Loudermilk and a companion forcibly stole money from one victim and demanded money from another victim, using what appeared to be a deadly weapon; and (2) on July 14, 1995, Loudermilk appropriated a credit card from a third victim without that person's consent. Loudermilk admitted he did these acts. The plea court questioned Loudermilk. He told the court: (1) he had sufficient time to discuss his case with his attorney; (2) he had been fully advised by his attorney as to all aspects of the case, including his legal rights; (3) he was satisfied with the services his attorney had rendered; (4) his attorney had done everything he asked; (5) no one had made any promises, threats, or inducements to lead him to plead guilty; and (6) he did not have any objections to the court imposing whatever fine or sentence it deemed "suitable and just under the circumstances." "Suitable and just under the circumstances" was not defined and may have been considered in terms of an alleged plea agreement. The court then accepted Loudermilk's plea. It deferred sentencing pending a pre-sentence investigation.

On December 20, 1996, after reviewing the pre-sentence investigation, and after considering: (1) Loudermilk's guilty pleas; (2) "the recommendation of the state"; and (3) the recommendation of the Board of Probation and Parole, the court sentenced Loudermilk. Before pronouncing the sentences, it refused a request of Loudermilk's counsel to make a statement. It ordered Loudermilk to serve concurrent prison terms of ten years for the charge of robbery in the second degree and seven years for the charge of stealing a credit device. On December 31, 1996, it sentenced Loudermilk to another concurrent term of ten years for the attempted robbery in the second degree charge. No reason was given to explain why all the sentences were not made on December 20, 1996.

Loudermilk filed a timely rule 24.035 motion to vacate sentences. On July 23, 1997, the court held a pre-hearing conference. It denied Loudermilk's request for an evidentiary hearing. On August 18, 1997, it issued findings of facts, conclusions of law, and judgment denying relief. It found:

5. At his plea, Movant told the Court that he had sufficient time to discuss his case with his attorney and was completely satisfied with the services of his attorney.

6. Movant was informed of the range of punishment and told the Court that he understood the range of punishment.

7. Movant told the Court that no one had made any promises, threats, or inducements to get him to plead guilty.

8. Movant told the Court that he had no objection to the Court imposing whatever sentence that the Court deemed suitable and just.

9. Movant's pleas were entered knowingly, intelligently, and voluntarily.

It concluded:

4. Movant has failed to allege a right to relief as to [his first] allegation ... in that it is refuted by the record. The record of the plea is clear that Movant understood the range of punishment and agreed to accept any punishment the Court deemed just. Movant stated that he had not been promised anything to plead guilty and knew his sentence was entirely within the Court's discretion.

5. Movant has failed to allege a right to relief as to [his second] allegation ... in that it is refuted by the record. Movant's plea agreement with the State was not breached because there was no plea agreement with the State. Movant pled guilty without a recommendation by the State. That is why the Court ordered a pre-

sentence investigation and asked Movant if he had any objection to the Court imposing *any* sentence within the range of punishment that the Court deemed just. The record indicates that Movant clearly understood this when he pled guilty.

■ Loudermilk's sole point asserts the trial court erred in denying him an evidentiary hearing on his Rule 24.035 post-conviction motion which alleged: (1) the guilty pleas were not knowing and voluntary since his trial attorney induced the pleas through promises Loudermilk would receive probation, as did his partner in the crimes; and (2) the state breached a plea agreement. "Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions are clearly erroneous." Rule 24.035(k); *Melton v. State,* 927 S.W.2d 391, 393 (Mo.App. E.D.1996). The motion court's findings are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.*

■ An evidentiary hearing is required if: (1) movant alleges facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegations are not refuted by the record; and, (3) the matters complained of prejudice the movant. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992). If a motion under Rule 24.035 and the files and records of the underlying case conclusively show that movant is not entitled to relief, an evidentiary hearing is not required. Rule 24.035(h). If any of the above three prongs are absent, the motion court may deny an evidentiary hearing. *Edgington v. State,* 869 S.W.2d 266, 268 (Mo.App.W.D.1994). Since Loudermilk pled guilty, our review is limited to whether the underlying plea was knowing and voluntary. *Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992).

■ First, Loudermilk argues the state broke his plea agreement "that the state would recommend the same sentence for [him] as his co-defendant." Loudermilk pled guilty "in light of the state's amendment of the Class A first degree robbery charge." Defense counsel offered the guilty pleas in response to an amended charge. The state made a recommendation on sentencing. The court referred to the recommendation before imposing the sentences. However, the terms of the agreement and the recommendation are not in the record. The state and Loudermilk may or may not have included any terms except for an amended charge. In its conclusions of law, the motion court found Loudermilk had no plea agreement with the state and pled guilty without a recommendation by the state. During sentencing, however, the trial court specifically referred to its consideration "of the recommendation of the State." It is not possible to determine: (1) what exactly the state's recommendation was; (2) when the recommendation was first communicated to the court; (3) what was in the pre-sentence investigation report; and (4) whether Loudermilk had any knowledge as to either the state's recommendation or the pre-sentence investigation report. The state argues there was no plea agreement since the court ordered a pre-sentence investigation report and asked Loudermilk if he had any objection to it imposing any sentence within the range of punishment it deemed just. This argument ignores the reduction in the charge and the resulting guilty pleas unless the court intended a specific finding there was no agreement on the state's recommendation. The court's order for a pre-sentence investigation report will not support a finding there was no plea agreement. Loudermilk's understanding of the sentence he would receive under an alleged plea agreement could have been well within the range of punishment the court deemed just. His answers do not exclude the possibility of proof of an agreement that was not honored. On these facts, particularly the failure of the court to inquire about a plea agreement per Rule 24.02(d), Loudermilk's answer that there were no promises, threats or inducements, will not conclusively disprove the allegation of a broken plea agreement. It is unclear whether the question was inclusive of a plea agreement and Loudermilk and his counsel understood it in that way. Loudermilk alleged and has the burden to prove there was an agreement and how the state breached it, if it did.

A trial court should "not accept a plea of guilty without first inquiring whether there is a plea agreement, and if there is one, requiring that it be disclosed on the record in open court." Rule 24.02(d); *Schellert v. State,* 569 S.W.2d 735, 739 (Mo.1978). Here, the court never asked whether there was a plea agreement. The court's inquiry was not sufficiently specific to elicit responses that would conclusively refute Loudermilk's motion allegation of a plea agreement, at least for a particular recommendation by the state. Therefore, Loudermilk's motion meets the standard set forth in *Blankenship* and the allegation is not refuted. *Blankenship,* 830 S.W.2d at 16. Loudermilk is entitled to an evidentiary hearing on his claim of post-conviction relief that the state breached a plea agreement.

Loudermilk's second argument is his trial attorney induced his guilty plea through promises he would receive probation, as did his partner in the crimes. An expectation of a lighter sentence "than that actually received does not make a plea involuntary." *Minner v. State,* 887 S.W.2d 758, 760 (Mo.App. S.D.1994). A mere prediction or advice of counsel will not lead to finding of legal coercion rendering a guilty plea involuntary. *Tyus v. State,* 913 S.W.2d 72 (Mo. App. E.D.1995). In addition, apart from the allegations of a plea agreement, the record of the plea fully supports a finding Loudermilk understood the range of punishment and would accept any punishment the court deemed just. Thus, the facts will not support a finding Loudermilk pled guilty because of any promises of his counsel. "If the movant claims he or she pled guilty because he or she was misled, the court must determine whether the movant's belief by which he or she claims to have been misled was reasonable." *Rick v. State,* 934 S.W.2d 601, 606 (Mo.App. E.D.1996). Moreover, "only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable." *Id.* Loudermilk's belief he would receive probation, if his belief was reasonable, was not founded on statements of his counsel. That was his position at the plea hearing. He is not entitled to a hearing on this argument.

We reverse and remand for an evidentiary hearing on the allegation there was a plea agreement that was not honored.

ROBERT G. DOWD, Jr., C.J., and PUDLOWSKI, J., concur.