**Kerry WRIGHT, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 74870.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 1, 1999.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before JAMES R. DOWD, P.J., LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J.

## MEMORANDUM DECISION

PER CURIAM.

On January 30, 1996, Kerry Wright (Movant) pleaded guilty to the Class B felony of first degree assault, section 565.050, RSMo 1994. The trial court sentenced him to five years, but suspended execution of sentence and placed him on probation for five years. The court ultimately revoked this probation and executed Movant's sentence. Subsequently, Movant filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035. Appointed counsel then filed an amended motion, which was denied after an evidentiary hearing. Movant appeals this judgment.

On appeal, Movant has no quarrel with the motion court's ruling on points that were raised in his amended motion. However, Movant contends the motion court should have *sua sponte* held a hearing to determine if his motion counsel abandoned him in his 24.035 proceedings pursuant to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). Movant alleges at this Court that his counsel did abandon him because the face of the record shows that counsel filed an amended motion before a transcript of the guilty plea and sentencing proceedings was ever filed with the motion court.

In this case, Movant's counsel did file a timely amended motion. Movant's contentions on appeal relate to the poor quality of the motion and these allegations do not rise to the level of abandonment by counsel. *See, State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997). His claims relate only to ineffectiveness of his post-convic-

tion counsel, which is "categorically unreviewable." *Meeks v. State*, 876 S.W.2d 755, 758 (Mo.App. E.D.1994). Extended discussion of this point would have no precedential value. Point denied.

The judgment is affirmed pursuant to Rule 84.16(b).