Clyde J. NESBITT, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94694.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 15, 2011.

---

Maleaner Harvey, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., John M. Reeves, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Clyde Nesbitt ("Movant") appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

## I. BACKGROUND

Movant entered a guilty plea to one count of attempted statutory rape in the first degree. Movant was placed on probation for five years. After violating probation, the court revoked Movant's probation and imposed a sentence of ten years. Movant's counsel filed an amended motion for post-conviction relief claiming ineffective assistance of counsel alleging counsel had coerced him to enter a guilty plea by telling him that if he went to trial he would likely be convicted and his sentence could be up to fifteen years. An evidentiary hearing was denied. This appeal follows.

## II.  DISCUSSION

In his sole point on appeal, Movant argues that his guilty plea was involuntary due to ineffective assistance of counsel. Specifically, Movant claims counsel coerced him by telling him that there was a substantial likelihood that Movant would be found guilty, and that he needed to plead guilty because he could face up to fifteen years' imprisonment if he was convicted at trial. Movant alleges that, had counsel not coerced Movant, he would have instead requested a jury trial. We disagree.

Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Loudermilk v. State*, 973 S.W.2d 551, 553 (Mo.App. E.D.1998). Findings are erroneous if, after review of the entire record, the Court is left with a definite and firm impression that a mistake has been made. *Id.* To obtain an evidentiary hearing on a claim of ineffective assistance of counsel, Movant must allege facts, not refuted by the record, showing (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that Movant was thereby prejudiced. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). In order for Movant to satisfy the "prejudice" requirement, he must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* at 914.

Movant alleges that counsel was ineffective because counsel coerced Movant into pleading guilty. Specifically, because Movant's counsel told him that there was a substantial likelihood of a conviction with a possible 15–year sentence, Movant felt coerced and plead guilty involuntarily. However, where a guilty plea proceeding directly refutes the claim that an appellant's plea was involuntary, the appellant is not entitled to an evidentiary hearing. *Grace v. State*, 313 S.W.3d 230, 233 (Mo. App. E.D.2010). Here the court explained to Movant the range of punishment he could receive. Movant expressed his understanding regarding the range of punishment. The court then asked Movant if anyone had made promises or threats to Movant or his family to convince him to plead guilty. Movant stated that no one had promised anything or threatened him to plead guilty. Movant also told the court he entered his plea of guilty voluntarily and of his own free will because he was guilty of the charge. When asked by the court whether counsel had been adequate, Movant answered in the affirmative. The guilty plea proceeding directly refutes the complaint that Movant's plea was involuntary. We are unable to determine what part of the Court's question concerning threats or promises Movant now alleges he did not understand before informing the Court that he had not been threatened or promised anything by anyone.

"Mere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary." *Meeks v. State*, 876 S.W.2d 755, 756 (Mo. App. E.D.1994); *Tyus v. State*, 913 S.W.2d 72 (Mo.App. E.D.1995); *Loudermilk*, 973 S.W.2d at 554. "An able attorney will endeavor to help his or her client understand all of the possible consequences of alternatives and strategies." *White v. State*, 954 S.W.2d 703, 706 (Mo.App. W.D. 1997); *Burnett v. State*, 311 S.W.3d 810, 818 (Mo.App. E.D.2009) (Counsel had a duty to explain to the movant the full range of punishment he could receive and to caution the movant that he might receive a longer sentence if, instead of entering a plea of guilty, he insisted on going to trial). In *Meeks*, this court held that coun-

sel's suggestion that the defendant would receive thirty years if he went to trial did not amount to coercion. *Id.* at 756. Because the defendant testified to understanding the full range of punishment and stated that no one had threatened, intimidated, or forced him to plead guilty, the mere prediction of possible outcomes was not coercive. *Id.*

■ Here Movant claims that being told that if he chose trial a conviction was likely, and he could receive up to a fifteen year sentence. At Movant's plea proceeding he reported understanding the full range of punishment and stated that no one had promised or threatened him or his family into pleading guilty. Movant's argument seems to be that because the plea court did not use the words "coerce" or "pressure" he is entitled to have his conviction set aside. This argument has absolutely no merit. The plea court's use of the term "threatened" encompasses a wide range of verbs. A trial judge is not required to read off a lengthy list of synonyms in order to assure the defendant understands to advise the court of any attempt by anyone that causes the defendant to enter a guilty plea against his or her will. Counsel's mere prediction does not amount to coercion, and any prejudice to Movant's case is refuted by the record.

Because Movant's claims are refuted by the record and Movant has failed to show prejudice, we find that counsel was not ineffective and an evidentiary hearing was not warranted. Point denied.

KENNETH M. ROMINES, J., and JOHN BERKEMEYER, Sp. J., concur.