**Paul S. SIMPSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. SD 31295.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 13, 2012.

Jo Ann Rotermund, St. Louis, MO, Attorney for Appellant.

Chris Koster, Atty. Gen., Robert Bartholomew, Jr., Asst. Atty. Gen., Jefferson City, MO, Attorney for Respondent.

JEFFREY W. BATES, Judge.

Paul Simpson (Simpson) appeals from an order denying his amended Rule 24.035

motion without an evidentiary hearing.[1] We affirm.

## I. Factual and Procedural Background

In May 2008, Simpson was charged with two counts of statutory rape in the first degree and two counts of statutory sodomy in the first degree. *See* § 566.032; § 566.062. The amended information alleged that Simpson had sexual intercourse and deviate sexual intercourse with M.H., a child less than 12 years of age.

In July 2010, Simpson reached an agreement with the prosecutor to plead guilty to one count of statutory sodomy in the first degree. In exchange, the prosecutor agreed to: (1) dismiss the three remaining felony charges; (2) request a 20–year sentence; and (3) allow defense counsel to argue for a lesser term of imprisonment. At the guilty plea hearing, Simpson was questioned by the court. Simpson's answers demonstrate that he understood the following facts and made the following admissions during that hearing.

If Simpson did not want to plead guilty, he had a right to a jury trial. At such a trial, the State would be required to prove every element of the offense beyond a reasonable doubt. He was entitled to representation by counsel, who would have the right to confront and cross-examine the State's witnesses. Simpson could not be compelled to testify against himself or have any adverse inference drawn against him if he failed to do so. He had the absolute right to testify on his own behalf if he so chose. All 12 jurors would have to agree that Simpson was guilty before he could be convicted. If convicted after a trial, the court could impose a sentence of between 10 years and life in prison. Simpson would have to serve 85% of any sentence imposed before he would be eligible for parole. He could appeal any finding of guilt after a trial. By pleading guilty, he would be waiving all of the foregoing constitutional rights. Simpson decided to plead guilty to one count of statutory sodomy after consulting with his attorney. He was "completely satisfied" with his attorney, and she had done everything Simpson asked her to do. The amended information alleged, in relevant part, that Simpson had deviate sexual intercourse with M.H. "who was then a child less than 12 years old, by touching [Simpson's] penis to her genitals with skin-to-skin contact." Simpson understood the charge. He did commit that act. He wanted to plead guilty because he was guilty of that offense. Simpson understood the details of the plea agreement and knew he would receive, at most, a sentence of 20 years in prison. He wanted the court to accept his guilty plea. He was pleading guilty of his own free will because he was guilty. His plea was not the result of force, threats or promises from anyone.

The plea court accepted Simpson's guilty plea. The judge found that Simpson's plea had been made freely, voluntarily and with a full understanding of his rights and the consequences of his plea. The judge further found that Simpson's plea was not the result of any force, threats or promises apart from the plea agreement.

In August 2010, Simpson appeared for sentencing. As agreed, the State requested a 20–year sentence. Defense counsel asked the court to impose a 10–year sentence. The court sentenced Simpson to serve 20 years in prison. The judge ad-

---

1. All references to rules are to Missouri Court Rules (2011). All references to statutes are to RSMo Cum.Supp. (2007).

vised Simpson of his right to file a Rule 24.035 motion for post-conviction relief. During the ensuing colloquy between the judge and Simpson, he again acknowledged that he was satisfied with the legal representation he had received. Simpson agreed that defense counsel did everything she was asked to do for Simpson as his attorney. Prior to pleading guilty, Simpson agreed that he had sufficient time to discuss the charge with defense counsel. At the conclusion of that colloquy, Simpson made the following admission:

Q. And other than the plea agreement, did [defense counsel], or for that matter, did anyone communicate any threats or promises to make you plead guilty on that day?

A. No, sir.

The plea court found no probable cause to believe Simpson had received ineffective assistance of counsel.

Thereafter, Simpson filed a timely *pro se* Rule 24.035 motion to set aside his guilty plea. After appointment of counsel, an amended motion was filed. This motion alleged, *inter alia*, "[p]lea counsel coerced Mr. Simpson into pleading guilty because he could get more time if he went to trial." The motion court denied relief without conducting an evidentiary hearing. The court concluded that Simpson's amended motion did not state any facts warranting relief and that his claim of coercion was conclusively refuted by the record. This appeal followed.

## II. Standard of Review

Appellate review of an order overruling a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *Morehead v. State,* 145 S.W.3d 922, 927 (Mo.App.2004). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the "definite and firm impression that a mistake has been made." *Rice v. State,* 988 S.W.2d 556, 558 (Mo. App.1999).

■ On appeal, Simpson contends the motion court erred in denying relief without first conducting an evidentiary hearing. An evidentiary hearing is not required unless: (1) the movant pleads facts that, if true, would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. *Dorsey v. State,* 115 S.W.3d 842, 844–45 (Mo. banc 2003); *Harling v. State,* 172 S.W.3d 889, 892 (Mo.App.2005). If the files and records of the case conclusively showed that Simpson was not entitled to relief, no evidentiary hearing was required. *See* Rule 24.035(h); *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997); *Harling,* 172 S.W.3d at 892.

## III. Discussion and Decision

■ The only fact pled by Simpson to support his claim of coercion was that plea counsel said Simpson could get more time if he went to trial. The motion court denied relief because: (1) this factual allegation, even if true, would not warrant relief; and (2) Simpson's claim that his guilty plea was coerced was conclusively refuted by the record. Those conclusions are not clearly erroneous.

■ When the record of the guilty plea hearing directly refutes the claim that a movant's plea was involuntary, he is not entitled to an evidentiary hearing. *Nesbitt v. State,* 335 S.W.3d 67, 69 (Mo.App.2011). The record from the guilty plea and sentencing hearings established the following facts:

1. Simpson knew that, if he went to trial and was convicted, he could

receive a sentence of up to life in prison. Under the plea agreement, the court could not impose a sentence of greater than 20 years in prison.

2. Simpson admitted that he was pleading guilty of his own free will because he was guilty.

3. Simpson admitted that he had adequate time to consult with his attorney before pleading guilty, and he was "completely satisfied" with defense counsel's representation. She had done everything she was asked to do by Simpson.

4. Aside from the plea agreement itself, Simpson's decision to plead guilty was not induced by any threats or promises made by anyone, including his attorney.

After reviewing the record of these hearings, we agree with the motion court that Simpson's claim is conclusively refuted by the record. *See id.*

We also agree with the motion court that the lone factual allegation in the amended motion, even if true, is insufficient to establish coercion. According to Simpson, plea counsel said Simpson could get more time if he went to trial. "[T]his assertion does not even raise a viable ground for relief because it was [defense counsel's] duty to explain to [the defendant] that he might receive a greater sentence if he insisted on going to trial instead of accepting the plea agreement." *Moore v. State*, 207 S.W.3d 725, 730–31 (Mo.App.2006). For this reason, it is well settled law that "[a]n attorney's mere prediction of a sentence or of punishment the court will impose does not necessarily constitute coercion which renders a guilty plea involuntary. Indeed, an able attorney will endeavor to help his or her client understand all of the possible consequences of alternatives and strategies." *White v.*

*State*, 954 S.W.2d 703, 706 (Mo.App.1997) (citations omitted); *see Meeks v. State*, 876 S.W.2d 755, 756 (Mo.App.1994) (holding counsel's suggestion that defendant might get 30 years if the case went to trial did not amount to coercion). Simpson has not shown how plea counsel's statement was in any way incorrect. By pleading guilty, Simpson avoided any possible sentence greater than 20 years in prison, while retaining the ability to argue for a lesser punishment. On the other hand, he could have received a sentence of up to life in prison if convicted after a trial. Thus, he certainly "could" have received more time in prison by going to trial, as defense counsel advised. She was duty-bound to provide this information to Simpson. *See Moore*, 207 S.W.3d at 731.

The motion court's conclusions are not clearly erroneous. Because Simpson's claim is conclusively refuted by the record, no evidentiary hearing was required. *See* Rule 24.035(h); *Nesbitt*, 335 S.W.3d at 69; *White*, 954 S.W.2d at 706–07; *Meeks*, 876 S.W.2d at 756–57. The order denying Simpson's amended Rule 24.035 motion is affirmed.

BARNEY and SCOTT, J., concur.