Deraughn BROWN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94429–01.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 2011.

Gwenda Renee Robinson, St. Louis, MO, for Appellant.

Chris Koster, Daniel N. McPherson, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Deraughn Brown ("Movant") appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm in part and remand for an evidentiary hearing in light of our Supreme Court's holding in *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011).

## I. BACKGROUND

On August 6, 2007, Movant and Kevin Hodges ("Hodges") exchanged words from their respective vehicles in a gas station parking lot on West Florissant Avenue. Hodges exited his car and approached the

driver's side of Movant's car. Movant then shot at Hodges, striking him in the shoulder. Police later apprehended Movant. Movant was charged with first degree assault, unlawful use of a weapon, and two counts of armed criminal action.

Movant entered guilty pleas to the four charges, which were accepted by the trial court. The trial court sentenced Movant to eighteen years for each count, all sentences to run concurrently. Movant filed a motion for post-conviction relief pursuant to Rule 24.035 claiming that the trial court violated double jeopardy by accepting his plea and that trial counsel ("counsel") was ineffective because she advised Movant that he would serve no more than three to five years of any sentence imposed. The motion court denied Movant's motion without an evidentiary hearing. Movant appeals.

## II. DISCUSSION

In Movant's first point on appeal, he argues that the motion court erred in denying his motion because his pleas violated double jeopardy protection. We disagree.

■ Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Melton v. State*, 260 S.W.3d 882, 885 (Mo.App. E.D.2008). Findings and conclusions are clearly erroneous if upon review of the record, we are left with the firm impression that a mistake has been made. *Id.*

■ Movant argues that his conviction and sentence for armed criminal action was predicated on his conviction for unlawful use of a weapon, and therefore it violated double jeopardy because they were established by proof of the same facts. However, double jeopardy is not violated by convictions for unlawful use of a weapon by shooting from a motor vehicle and for armed criminal action predicated on that offense. *State v. Prince*, 311 S.W.3d 327, 334–35 (Mo.App. W.D.2010). Point denied.

■ In Movant's second point on appeal, he argues that the motion court erred in denying his motion because counsel was ineffective. In light of our Supreme Court's opinion in *Webb, supra*, we remand for an evidentiary hearing.

In order to prevail on a claim of ineffective assistance of counsel, Movant must demonstrate that: (a) his trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have under similar circumstances; and (b) Movant was thereby prejudiced. *Melton*, 260 S.W.3d at 885.

Movant argues that counsel was ineffective because counsel allegedly advised Movant that he would serve only three to five years following his guilty plea. At the plea hearing, Movant answered negatively when the trial court asked him whether or not any threats or promises had been made to force him to enter his plea of guilty.[1] Appellant's statements to the trial court are insufficient to clearly refute the claim in Movant's motion that counsel promised him a lesser sentence. *Webb, supra*.

---

1. Trial judges wishing to avoid this issue on appeal may wish to incorporate a question into their guilty plea litany inquiring about promises, statements or even "guesses" made by defense counsel concerning the amount of time that will be served. Simply asking "Has anyone told you how long you will be confined if the Court accepts your plea(s) and imposes a sentence of confinement?" would remove this issue from post-conviction proceedings.

### III. CONCLUSION

The judgment of the motion court is reversed and the cause is remanded for an evidentiary hearing to determine if counsel promised Movant that he would only serve three to five years upon his guilty plea.

KATHIANNE KNAUP CRANE and GEORGE W. DRAPER, III, JJ., concur.