

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| ANTONIO JACKSON, | ) | No. ED99651 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Mark H. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED:  February 25, 2014 |

### Introduction

Appellant Antonio Jackson ("Jackson") appeals the judgment of the motion court denying his amended Rule 24.035[1] motion for post-conviction relief ("amended motion") without an evidentiary hearing.  On appeal, Jackson claims the motion court clearly erred in denying his amended motion and request for an evidentiary hearing because he alleged facts not refuted by the record indicating that plea counsel was constitutionally ineffective.  Specifically, Jackson contends that plea counsel misled him into pleading guilty by falsely assuring him he would be sentenced to 10 years concurrent on all counts if he entered a blind plea.  Jackson asserts that plea counsel's false assurances rendered his guilty pleas unknowing and involuntary and denied him of his constitutional right to effective assistance of counsel.  Because the record refutes Jackson's claim that he was guaranteed a sentence of not more than 10 years, the trial

---

[1] All rule references are to Mo. R. Crim. P. (2011).

court did not clearly err in denying Jackson's motion for post-conviction relief without an evidentiary hearing. We affirm the judgment of the motion court.

<u>Factual and Procedural History</u>

In August 2009, Jackson and two others used firearms to unlawfully enter a home occupied by the female homeowner, her friend, and a child. The female homeowner was struck in the head with a firearm, and both women were ordered to strip naked and lay on the ground. One of the women had a gun stuck in her mouth. Jackson and the others ransacked the home and took purses, phones, money, and pills from the women. On September 29, 2009, Jackson was charged in a four-count indictment with robbery in the first degree, Section 569.020[2] (Count I), armed criminal action, Section 571.015 (Count II), burglary in the first degree, Section 569.160 (Count III), and assault in the second degree, Section 565.060 (Count IV).

At Jackson's plea hearing, the plea court informed Jackson of the punishment ranges for each charge: 10 to 30 years, or life imprisonment for Count I; three years to life imprisonment for Count II; five to 15 years imprisonment for Count III; and a day in jail to seven years imprisonment for Count IV. The plea court also explained that because the State charged Jackson as a prior and persistent offender, the maximum punishment ranges for Counts III and IV were enhanced to life and 15 years imprisonment, respectively. Jackson stated that he understood the punishment ranges for his charges and that he still wished to enter pleas of guilty. Jackson said he had no questions about the punishment ranges. Jackson further testified that he had enough time to discuss the charges with his attorney and that no threats or promises had been made to induce his guilty pleas. The plea court accepted Jackson's guilty pleas and ordered a sentencing assessment report to be prepared.

---

[2] All statutory references are to RSMo. 2000.

At Jackson's sentencing hearing on October 13, 2010, Jackson was sentenced to concurrent sentences of 20 years on Count I, 10 years on Count II, 20 years on Count III, and seven years on Count IV. The sentencing court then questioned Jackson regarding his satisfaction with his counsel. When asked whether he had enough time to talk to his attorney before pleading guilty, Jackson responded that he did not, having met with his attorney two or three times. Jackson also said he told his attorney he did not want to take a blind plea and to "find me something better than the blind plea." Jackson stated that plea counsel said he would try to get the plea hearing in front of Jackson's probation judge and that he would "try to get me the minimum ten, or you know, work some type of deal like that." Jackson indicated that he was unaware he was going to plead guilty until five minutes before the hearing, when his attorney told him his only options were to take a blind plea, go to trial, or accept the State's offer of 25 years' imprisonment.

The sentencing court recognized Jackson's complaints regarding plea counsel but found there was no probable cause to believe Jackson received constitutionally ineffective assistance of counsel. The sentencing court found that Jackson was advised of the range of punishment at the time of his plea and knew he could have been sentenced to life imprisonment. In light of those circumstances, the sentencing court found that the sentence imposed was appropriate.

On August 22, 2011, Jackson filed an amended motion for post-conviction relief pursuant to Rule 24.035 alleging that plea counsel was ineffective. In his amended motion, Jackson claimed that his guilty pleas were not voluntarily entered because he was pressured into entering a guilty plea as a result of plea counsel's lack of preparation and "guarantee" that a blind plea would result in a sentence of no more than 10 years, concurrent on all counts. Jackson also alleged that plea counsel conducted no investigation and only visited Jackson two or three times

3

before the plea hearing.  As a result, Jackson pleaded guilty out of fear of losing at trial with unprepared counsel and under the belief that he would serve no more than 10 years.  Jackson asserted that this rendered his pleas unknowing and involuntary.[3]  Jackson alleged that had he "understood his sentence truly was 'open' for the Court to decide, [Jackson] would not have pled guilty but would have insisted on a trial."

In its findings of fact, the motion court found that Jackson understood the charges against him and was aware of their respective ranges of punishment.  The motion court also found that Jackson understood that if his pleas were accepted, a sentencing assessment report would be ordered and he would be able to review the report with his attorney prior to sentencing.  The motion court further found that no promises had been made to Jackson to induce him to plead guilty and plea counsel only told Jackson he would "try" to get him 10 years.  At no time did Jackson state that he had been guaranteed a 10-year sentence.  As a result, the motion court concluded that Jackson's claim that his guilty pleas were involuntarily entered because counsel "guaranteed" a 10-year sentence was without merit.  Because Jackson failed to allege facts not refuted by the record that would entitle him to relief, Jackson was not entitled to an evidentiary hearing and his amended motion was denied.  This appeal follows.

Point on Appeal

In his only point on appeal, Jackson claims the motion court clearly erred in denying his amended motion for post-conviction relief without an evidentiary hearing because his amended motion alleged facts, not refuted by the record, demonstrating that plea counsel was constitutionally ineffective.  Specifically, Jackson alleges that he would not have pleaded guilty

---

[3] In its Findings of Fact and Conclusions of Law, the motion court found that Jackson's guilty pleas waived any complaints about counsel's lack of preparation, and, moreover, Jackson admitted during the plea hearing that his attorney discussed the case with him and answered his questions.  Jackson does not appeal the motion court's judgment on this issue.

but for plea counsel's false assurance that he would be sentenced to only 10 years imprisonment, concurrent on all counts. Jackson asserts that this false assurance rendered his guilty pleas unknowing and involuntary.

## Standard of Review

We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035; Carter v. State, 215 S.W.3d 206, 208 (Mo. App. E.D. 2006). The motion court's findings are presumed correct and will only be overturned if the ruling leaves the appellate court with a "definite and firm belief that a mistake has been made." Bryant v. State, 316 S.W.3d 503, 507 (Mo. App. E.D. 2010). "After a guilty plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary." Id.

To be entitled to an evidentiary hearing on a claim brought for post-conviction relief, a movant must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. Id.

## Discussion

To prevail on a claim of ineffective assistance of counsel, a movant must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Rush v. State, 366 S.W.3d 663, 666 (Mo. App. E.D. 2012). The movant must first prove that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. Id.; Strickland, 466 U.S. at 687. Second, a movant must show that

counsel's deficient conduct prejudiced him in that it is reasonably certain that, but for counsel's deficient conduct, the outcome of the proceeding would have been different. Rush, 366 S.W.3d at 666.

After a plea of guilty, however, a claim of ineffective assistance of counsel is immaterial except to the extent the conduct affects the knowing and voluntary nature of the guilty plea. Short v. State, 771 S.W.2d 859, 864 (Mo. App. E.D. 1989). "On a guilty plea, the movant claiming ineffective assistance of counsel must establish a serious dereliction of duty which materially affected his substantial rights and show that his guilty plea was not an intelligent or knowing act." Id.

When a defendant claims to have pleaded guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such a belief. Robinson v. State, 952 S.W.2d 315, 318 (Mo. App. E.D. 1997). "An expectation of a lighter sentence 'than that actually received does not make a plea involuntary.'" Loudermilk v. State, 973 S.W.2d 551, 554 (Mo. App. E.D. 1998) (quoting Minner v. State, 887 S.W.2d 758, 760 (Mo. App. S.D. 1994)). "Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable." Robinson, 952 S.W.2d at 318.

Here, Jackson asserts that plea counsel misled him into pleading guilty by guaranteeing a 10-year sentence if Jackson entered a blind plea. Jackson claims that his reliance on plea counsel's promise that he would be sentenced to 10 years if he pleaded guilty rendered his pleas unknowing and involuntary in that he would have not pleaded guilty but for plea counsel's false assurance. As a result, plea counsel was constitutionally ineffective, and Jackson was entitled to relief.

6

After reviewing the entire record, we conclude that no reasonable basis exists for Jackson's alleged belief that he would be sentenced to only 10 years. Although Jackson claims he pleaded guilty because plea counsel "guaranteed" he would receive only a 10-year sentence, the record shows only that plea counsel said he would "try" to get him 10 years concurrent on all counts or "work some type of deal like that." These words do not constitute a promise that Jackson would receive a 10-year sentence. At best, plea counsel's statement was merely a prediction as to the sentence Jackson would receive. Reliance on such a prediction does not render a guilty plea involuntary. See Loudermilk, 973 S.W.2d at 554 ("A mere prediction or advice of counsel will not lead to [a] finding of legal coercion rendering a guilty plea involuntary."). More logically, plea counsel's statements constituted no more than a representation that he would use his best efforts to obtain a 10-year sentence, which is hardly a prediction and even less of a guarantee.

The record shows that the sentencing court explained the range of punishment for each charge, and that Jackson expressly stated that he understood the ranges of punishment. Although Jackson claimed in his amended motion that the plea court did not explain its discretion to sentence him to any sentence within the range permitted by law, the lack of such a statement does not render Jackson's guilty plea involuntary. Rule 24.02(b)(1) only requires that the plea court inform the defendant of and determine that defendant understands the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. There is no requirement that the plea court expressly inform the defendant that it can sentence him or her to any sentence within the applicable range. See Rule 24.02(b)(1).

7

Moreover, Jackson's own testimony refutes the allegations in his amended motion. At the plea hearing, Jackson testified that at the time he pleaded guilty, no promises had been made to induce his pleas. Jackson relies on Brown v. State, 343 S.W.3d 760, 761 (Mo. App. E.D. 2011) for the proposition that it is clearly erroneous to deny an evidentiary hearing based on the defendant's testimony that no promises had been made to induce a guilty plea. In Brown, the movant claimed trial counsel was ineffective because counsel told Brown he would serve no more than three to five years of any sentence imposed. Brown, 343 S.W.3d at 761. The only evidence refuting the movant's claim was his response at his plea hearing that no promises had been made in exchange for his guilty plea. Id. This Court found the movant's statement insufficient to clearly refute the claim in his motion for post-conviction relief that counsel had promised him a lesser sentence. Id. As a result, the case was remanded for an evidentiary hearing to determine whether counsel promised movant that he would serve no more than three to five years if he pleaded guilty. Id. at 762.

Jackson's reliance on Brown is inapposite. Unlike the movant in Brown, Jackson not only testified that no promises were made to induce his guilty pleas, but also stated at his sentencing hearing that plea counsel said he would "try" to get Jackson 10 years. Jackson's admission that plea counsel said he would try to get Jackson a 10-year sentence directly refutes his allegation that plea counsel promised or guaranteed him a lesser sentence.

Because Jackson's allegations in his amended motion are clearly refuted by the record, he is not entitled to an evidentiary hearing. Furthermore, the record indicates that Jackson's guilty pleas were knowing and voluntary. Therefore, the motion court did not clearly err in denying his amended motion for post-conviction relief.

## Conclusion

The judgment of the motion court is affirmed.

Kurt S. Odenwald, Judge

Mary K. Hoff, P.J., Concurs
Angela T. Quigless J., Concurs