

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| RAMON STEGER, | ) | No. ED101703 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Ted House |
| | ) | |
| Respondent. | ) | Filed: August 18, 2015 |

## I.  INTRODUCTION

Ramon Steger (Movant) appeals the judgment of the Circuit Court of St. Charles County denying his Rule 24.035[1] motion for post-conviction relief after an evidentiary hearing.  Movant contends the motion court erred in denying his motion because his counsel was ineffective for misadvising him: (1) that if he did not enter an *Alford*[2] plea and proceeded to trial, he would be found guilty of multiple charges and sentenced to ten years in prison; and (2) that he was very likely to receive a harsher sentence if he proceeded to trial than the sentence he received in exchange for his plea.   We affirm.

---

[1] All rule references are to the Missouri Court Rules (2014).
[2] *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

The State charged Movant with one count of the Class D felony of aggravated stalking. After plea negotiations with the State, Movant's counsel informed the court that Movant wanted to enter a plea of guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[3] The plea court sentenced Movant according to the plea agreement.

At the plea hearing, Movant was advised of the charges against him. The State indicated if the case proceeded to trial the following evidence would be presented: Movant called victim's telephone approximately twenty times and told victim he was going to kill him. Movant talked to the police and after threatening to put a hollow point in victim's head, stated "I ain't scared of you mother fucking cops. I'll kill your ass, too." The State explained other evidence would show Movant had a gun and fired it in his own home and at a vehicle. The State stated the range of punishment for aggravated stalking and noted "the maximum penalty could be four years in the Department of Corrections . . . ." The State's plea recommendation was a four-year suspended sentence and five years' supervised probation.

Movant testified he understood the nature of the charge against him. He confirmed he understood the range of punishment, his constitutional rights to a trial and believed the evidence was likely to convict him. Moreover, Movant testified he had not been threatened, coerced in any way, or promised anything in order to get him to plead guilty.

The court asked Movant if he had discussed the strengths and weaknesses of his case and "all of [his] options with [his] lawyer." Movant responded "Yes, sir." The court then made the following inquiry:

---

[3] "An *Alford* plea allows a defendant to plead guilty to a charged offense and accept criminal penalty even if he or she is unwilling or unable to admit to committing the acts constituting the offense." *Brooks v. State,* 242 S.W.3d 705, 707 n.2 (Mo. banc 2008); *see Alford,* 400 U.S. at 37–38.

2

THE COURT: And is it likely then that -- do you believe that it's likely that you may receive a more severe punishment [at trial] than that which the prosecuting attorney is recommending today?
MOVANT: Of the aggravated stalking?
THE COURT: Yes, sir.
MOVANT: Yes, sir.
THE COURT: We're only talking about aggravated stalking here today, do you understand that?
MOVANT: Yes, sir.

The court found Movant's plea was freely and voluntarily entered with an understanding of the range of punishment. It accepted Movant's plea. Movant was sentenced to four years' imprisonment in the Missouri Department of Corrections, given a suspended execution of sentence and placed on probation for five years.

More than seven years later, Movant appeared on a probation violation. At the revocation hearing, the State presented evidence Movant had absconded from probation for approximately six years. The court revoked Movant's probation and executed his sentence.[4]

Movant timely filed his Rule 24.035 motion for post-conviction relief, asserting two claims. Movant alleged counsel was ineffective for misadvising him: (1) if he did not enter an *Alford* plea and proceeded to trial, he would be found guilty of multiple charges and sentenced to ten years in prison; and (2) he was very likely to receive a harsher sentence if he proceeded to trial than the sentence he received in exchange for his plea. The motion court held an evidentiary hearing.

Movant testified by deposition, Movant alleged at the time of his plea he did not know what the maximum sentence was for aggravated stalking and had "no clue" what his plea meant.

---

[4] When a defendant attempts to escape justice by absconding, an appellate court may apply the "escape rule" to deny the defendant his request for post-conviction relief. *State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995). Application of the escape rule is discretionary. *Id.* at 811. Although we recognize the applicability of the escape rule under the facts of this case, we will review the merits of Movant's appeal *ex gratia.*

Movant also alleged he took the plea because counsel "threatened" him. Movant claimed counsel told him if he didn't plead guilty, he would get ten years.

Plea counsel testified at an evidentiary hearing. He explained he advised Movant before he pleaded guilty of the range of punishment for aggravated stalking and told him the most he could receive on this charge was a four-year sentence. Plea counsel stated he discussed the consequences of not pleading guilty with Movant. He testified he informed Movant if he went to trial and was found guilty on the aggravated stalking charge he could still receive probation.

Further, plea counsel testified he advised Movant if he went to trial the State might file additional charges against him. The additional charges involved weapons and threats. Plea counsel testified he was told by the prosecutor that, as part of the plea agreement, no additional charges would be filed if Movant pleaded guilty to the aggravated stalking count. He stated he advised Movant of the "maximum range of punishment for each and every combination of cases." He explained to Movant that one possible combination of charges involved two D felonies and two A misdemeanors and could result in a maximum of ten years. He added that he told Movant "nothing was guaranteed" if he proceeded to trial.

The motion court denied Movant's Rule 24.035 motion. The motion court found Movant was not a credible witness. It concluded Movant's plea of guilty was knowingly, intelligently, freely, and voluntarily made with an understanding of the range of punishment and the consequences of pleading guilty. Movant now appeals.

### III. STANDARD OF REVIEW

We review the denial of a post-conviction motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record,

we are left with the definite and firm impression that a mistake has been made. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). "In reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently from a guilty plea." *Lynn v. State*, 417 S.W.3d 789, 796 (Mo. App. E.D. 2013).

## IV.   DISCUSSION

In Movant's two points on appeal, he contends the motion court erred in denying his motion for post-conviction relief after an evidentiary hearing because his plea counsel was ineffective for misadvising him. Specifically, Movant asserts plea counsel incorrectly advised him that: (1) if he proceeded to trial, he would be found guilty of multiple charges and sentenced to ten years in prison; and (2) he was very likely to receive a harsher sentence if he went to trial than the sentence he received in exchange for his plea. We disagree.

To succeed on a post-conviction claim of ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Worthington v. State,* 166 S.W.3d 566, 572-73 (Mo. banc 2005). By pleading guilty, a movant waives "any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington*, 166 S.W.3d at 573.  To demonstrate prejudice when challenging a guilty plea, a movant must show a reasonable probability that, but for counsel's errors, he would have pleaded not guilty and demanded a trial. *Id.*

In his first point on appeal, Movant argues counsel was ineffective for misadvising him that if he did not enter a guilty plea and proceeded to trial, he would be found guilty of multiple

5

charges and sentenced to ten years in prison.   Specifically, Movant contends plea counsel's advice was incorrect for the following three reasons: (1) he was only charged with the Class D felony of aggravated stalking, which carried with it a maximum of four years in the penitentiary; (2) the State did not agree to refrain from filing other charges as part of the plea agreement; and (3) the only other charge the State could have filed in addition to aggravated stalking was the Class D felony of unlawful use of a weapon with a maximum sentence of four years−which could not have resulted in a ten-year sentence even if Movant was found guilty of both counts and served the maximum sentences consecutively.[5]   In response, the State argues Movant did not present credible evidence to support his claim that counsel had been ineffective or that he had been prejudiced.

"A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Roberts v. State,* 276 S.W.3d 833, 836 (Mo. banc 2009). A defendant's guilty plea is not voluntary "if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Id.* (quotation omitted).  When considering whether a defendant pleaded guilty based on mistaken belief about the sentence and plea agreement, the test is whether a reasonable basis exists in record for such belief.  *Brown v. Gammon*, 947 S.W.2d 437, 440-41

---

[5]Rule 84.04(d) provides "[t]he points relied on shall state *briefly and concisely* what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . . ." (emphasis added).  Here, Movant's first point relied on is lengthy and contains multiple grounds for why plea counsel's advice was allegedly incorrect.  However, even though Movant has not substantially complied with Rule 84.04 governing the content of appellate briefs, we will address his points as this deficiency, while it certainly hinders the ease of our review, does not impede our disposition of the appeal. *See Hudson v. State*, 270 S.W.3d 464, 467 (Mo. App. S. D. 2008).

(Mo. App. W.D. 1997). A reasonable mistake exists only if defendant's belief was based upon positive representations upon which he was entitled to rely. *Id.* at 441.

Movant's claim rests on the premise that plea counsel inaccurately advised him about the possibility of multiple charges and a ten-year sentence if the case went to trial. After reviewing the record, we find no reasonable basis for Movant's contention.

Movant first suggests plea counsel's advice concerning the potential consequences of going to trial was incorrect because Movant was only charged with aggravated stalking. He contends reasonably competent plea counsel would not have left Movant with the impression he would receive ten years when he was only charged with one count of a Class D felony. It is evident from the record, however, that Movant was fully advised of both the potential consequences of additional charges if the case went to trial and the consequences of pleading guilty to the single count of aggravated stalking.

With regard to the sole count of aggravated stalking, Movant was informed at the plea hearing of the charge against him and its range of punishment, including the maximum penalty of four years. Movant indicated he understood the range of punishment. Movant confirmed his understanding of the singular nature of the charge against him when the court asked, "We're only talking about aggravated stalking here today, do you understand that? Movant replied "Yes, sir." Further, Movant confirmed to the court he had not been threatened, coerced or promised anything to induce his plea.

During his deposition, Movant gave conflicting testimony. Movant claimed he did not know what the maximum sentence was for aggravated stalking when he pleaded guilty, had "no clue" what the plea meant, and was "threatened" by his counsel to induce his plea. The motion court did not believe Movant's testimony, and it was under no obligation to do so. *See Hurst v.*

7

*State*, 301 S.W.3d 112, 119 (Mo. App. E.D. 2010).  In contrast, the motion court specifically found credible plea counsel's testimony that he informed Movant the most he could receive on the aggravated stalking charge was a four-year sentence.  We must defer to the motion court's credibility determinations.  *Lynn*, 417 S.W.3d at 800.  Accordingly, we find Movant understood the charge against him and its range of punishment when he pleaded guilty.

We likewise find no reasonable basis in the record for Movant's second argument that counsel misadvised him because the State did not agree to refrain from filing other charges as part of the plea agreement.  At the evidentiary hearing, plea counsel testified he was told by the prosecutor that, as part of the plea agreement, no additional charges would be filed if Movant pleaded guilty to the aggravated stalking count.  He further testified that after Movant pleaded guilty, no other charges were ever filed "as an agreement pursuant to the plea."  Thus, the record refutes Movant's second basis for finding plea counsel provided erroneous advice.[6]

In Movant's third reason for asserting plea counsel incorrectly advised him, he argues the evidence presented by the State at the plea does not support counsel's prediction of a ten-year sentence as it gives rise to only one additional charge instead of multiple charges.  Movant further contends plea counsel did not discuss his case with him in sufficient detail.

We first note the record supports a finding that the State could have filed multiple charges against Movant. The evidence presented during the plea showed:  Movant threatened a

---

[6] Movant additionally argues it was premature for counsel to advise him regarding possible future sentences when the State had not yet filed the related charges.  However, Movant cites no authority in support of his proposition, nor does he explain the absence of it.  As such, we find his argument does not comply with Rule 84.04, and deem it abandoned.  *See Lynn*, 417 S.W.3d at 800 (finding the movant abandoned his argument on appeal of denial of motion for post-conviction relief where he neither cited authority to support his argument nor explained the absence of authority).

police officer; Movant had a gun; and Movant fired the gun in his own home and at a vehicle.[7] In addition, plea counsel testified that additional misdemeanors and another felony charge could have been filed against Movant based upon these allegations. Thus, Movant's argument that the evidence gave rise to only one additional charge against him is refuted by the record.

Furthermore, plea counsel was not ineffective in advising Movant he could receive a ten-year sentence if he went to trial. Plea counsel testified that he described to Movant the various combinations of charges the State could file against him−one of which involved two D felonies and two A misdemeanors and carried with it a maximum of ten years' imprisonment. Plea counsel's advice represents, at best, a mere prediction. Reliance on a prediction does not render a plea involuntary. *Jackson v. State*, 421 S.W.3d 571, 575 (Mo. App. E.D. 2014). *See Loudermilk v. State*, 973 S.W.2d 551, 554 (Mo. App. E.D. 1998) ("A mere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary.").

Additionally, the record refutes Movant's allegation that plea counsel did not discuss the case with him in sufficient detail. Movant admitted at his plea that he had discussed the strengths and weaknesses of his case and all his options with his counsel. As previously noted, plea counsel advised Movant of the possibility of the State filing other charges against him if the case went to trial. He also informed Movant of the "maximum range of punishment for each and every combination of cases."

---

[7] Movant challenges the State's ability to use evidence suggesting he fired his gun at a vehicle as a basis for filing additional charges against him. He states certain police reports establish there was no evidence tying him to that shooting. However, Movant's cross-references to the record to support this contention merely point to his own testimony denying his guilt and a similar argument presented in his amended post-conviction motion. It is the duty of Movant to ensure the record on appeal includes all the evidence necessary for determination of the issue presented. *State v. Brum*, 163 S.W.3d 51, 56 (Mo. App. S.D. 2005). Here, the police reports referenced by Movant are not part of the record on appeal. Thus, Movant's failure to file the police reports is taken by this court as favorable to the trial court's ruling and unfavorable to Movant's argument. *Id.*

Movant was fully advised by counsel of the consequences of pleading guilty and proceeding to trial. We find no reasonable basis in the record for Movant's contention that plea counsel provided incorrect advice which rendered his plea involuntary. Therefore, the motion court did not clearly err. Point I is denied.

In his second point on appeal, Movant argues the motion court erred in denying his motion for post-conviction relief because his plea counsel was ineffective for misadvising him that he was likely to receive a harsher sentence if he proceeded to trial than the sentence he received in exchange for his plea. Specifically, Movant asserts he would have very likely received probation even if found guilty of aggravated stalking after a trial and plea counsel unreasonably left him with the impression that the only way to get probation was to plead guilty.

The record, however, refutes Movant's assertion. At the evidentiary hearing, plea counsel testified he informed Movant if he went to trial and was found guilty, it was possible he could still receive probation. Plea counsel emphasized he told Movant nothing was guaranteed if he went to trial.

Moreover, the motion court found, and we agree, that Movant's plea allowed him to receive probation−and removed any danger of him going to the Department of Corrections after his plea. Significantly, the eventual revocation of Movant's probation and execution of his sentence were due to Movant's own misconduct and not any advice of plea counsel. In addition, the fact that the State would possibly file additional charges if Movant went to trial afforded him a benefit to pleading guilty. Accordingly, any prediction by counsel that Movant could receive a harsher sentence if he went to trial appears reasonable.

Therefore, we find no basis in the record to support Movant's allegation. Finding no error by the motion court, Point II is denied.

## V.     CONCLUSION

We conclude the motion court did not err in denying Movant's Rule 24.035 motion for post-conviction relief.  The judgment of the motion court is AFFIRMED.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr, J., Concurs.

11