

# Missouri Court of Appeals

## Southern District

In Division

SAVON JONES,

    Appellant,

vs.

STATE OF MISSOURI,

    Respondent.

)
)
)
)
) No. SD37654
)
) FILED: March 13, 2023
)
)
)

APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable W. Keith Currie, Judge

**<u>AFFIRMED</u>**

Savon Jones ("Movant") appeals the motion court's denial of his Rule 24.035 amended post-conviction relief ("PCR") motion after an evidentiary hearing.[1] In two points, Movant contends the motion court clearly erred in denying his ineffective assistance of counsel ("IAC") claims, stating his counsel (1) "was ineffective for failing to convey the State of Missouri's plea offers in his criminal cases" and (2) "was ineffective for failing to make him aware of additional witness statements[.]" Because Movant's claims are without merit, we affirm.

---

[1] All rule references are to Missouri Court Rules (2022).

**Standard of Review and Applicable Principles of Law**

Our review of the denial of a PCR motion is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous.[2] Rule 24.035(k); ***Ross v. State***, 335 S.W.3d 479, 480 (Mo. banc 2011). The motion court's "findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." ***Roberts v. State***, 276 S.W.3d 833, 835 (Mo. banc 2009). Movant bears the burden to prove the grounds asserted in his or her PCR motion by a preponderance of the evidence. Rule 24.035(i); ***McLaughlin v. State***, 378 S.W.3d 328, 337 (Mo. banc 2012). "The motion court's findings are presumed correct." ***Davis v. State***, 486 S.W.3d 898, 905 (Mo. banc 2016). "This Court defers to the motion court on matters of credibility." ***Vanzandt v. State***, 212 S.W.3d 228, 231 (Mo.App. 2007).

"To determine whether an attorney provided [IAC] to a criminal defendant, we apply the standards established in [***Strickland v. Washington***, 466 U.S. 668, (1984)]." ***Maclin v. State***, 184 S.W.3d 103, 107 (Mo.App. 2006). These standards involve a performance prong and a prejudice prong, i.e., a movant must prove "(1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) that counsel's deficient performance prejudiced the defense." ***Deck v. State***, 68 S.W.3d 418, 425 (Mo. banc 2002). "If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other[,] and his claim of [IAC] must fail." ***Anderson v. State***, 66 S.W.3d 770, 775 (Mo.App. 2002). "If conviction results from a guilty plea, any claim of [IAC] is immaterial except to the extent that it impinges the voluntariness and knowledge with

---

[2] "The same standard of review is applied when reviewing the grant or denial of a Rule 24.035 or Rule 29.15 motion." ***Berry v. State***, 551 S.W.3d 102, 107 n.5 (Mo.App. 2018) (internal quotation marks and citations omitted). Therefore, cases under both rules are cited in this opinion where applicable without further distinction.

which the plea was made." ***State v. Roll***, 942 S.W.2d 370, 375 (Mo. banc 1997).

## Factual and Procedural Background

While facing prosecution in cases 19NM-CR00367-01, 19NM-CR00407-01, 19NM-CR00467-01, and 19NM-CR01056-01, although represented by counsel, Movant personally wrote and sent a letter to the prosecutor asking for a specific plea agreement. Movant stated that he would take "5 years probation with a (20 preferred) back up but to sweeten it 25 and get me home before Christmas." Movant reiterated, "[n]o prison time unless and if I mess up."

On December 23, 2019, the parties appeared and the prosecutor informed the court that Movant "had a number of offers from our office, all of which have involved prison time" and "[a]t one point he had an offer of a 120-day treatment." The prosecutor then advised the court of Movant's letter. The prosecutor stated he was willing to agree to four years for unlawful use of a weapon, fifteen years for first-degree burglary, and six years for the second-degree assault (offenses charged in 19NM-CR00367-01 and 19NM-CR00407-01), all to run consecutively, for a total of twenty-five years, with that sentence being suspended on condition Movant successfully complete five years of probation. Moreover, as part of the agreement, the State would dismiss the additional charges in 19NM-CR00407-01, 19NM-CR00467-01, and 19NM-CR01056-01.

Attorney Kayla McKenzie appeared with Movant because her colleague John Grobmyer, the attorney of record, was unavailable. Attorney McKenzie announced the following:

> Well, Judge, it's my understanding that [Movant] would like to proceed with this guilty plea knowing all of this. Although, I do want to say on the record that this letter was written without Mr. Grobmyer's knowledge or anyone in our office's knowledge. He did this on his own, and I think at the end states that he did this on his own and it was against our advice. And, just so the Court knows that this is completely [Movant's] idea, and, he is doing this, basically, on his own.

3

Ultimately, Movant pled guilty under the terms of the plea agreement. The court accepted Movant's guilty pleas and sentenced him in accordance with the prosecutor's recommendations.

Thereafter, Movant violated the terms of his probation. On February 3, 2020, Movant's probation was revoked and he was delivered to the Department of Corrections ("DOC"). However, Movant received habeas relief on a finding that he was not properly advised of his right to counsel prior to his probation revocation hearing and he was released from DOC pending further revocation proceedings. On October 26, 2020, Movant appeared in court and, upon the advice of counsel, admitted to violating his probation. The court again revoked his probation and placed him in the custody of DOC.

Movant timely sought relief under Rule 24.035,[3] claiming in his amended PCR motion that he received IAC in two ways. Movant first claimed, "[defense] counsel was ineffective for failing to convey plea offers from the State to [Movant]." The supporting allegations include, on May 28, 2019, the State sent defense counsel a letter listing plea offers ("the plea offers"); counsel did not inform Movant of the plea offers; and "had the plea offer for 12 years' with 120-shock been conveyed to him in May, 2019, he would have accepted."

Movant's second claim pertained specifically to the charges in 19NM-CR00407-01. Movant claimed, "[defense] counsel was ineffective for failing [to] discuss relevant portions of discovery and defenses with [Movant] prior to his guilty plea hearing." Movant's supporting

---

[3] Our Southern District Special Rule 20(a) requires the appellant's brief in a Rule 24.035 appeal to "include a concise statement factually demonstrating the timely filing of both the movant's initial motion and any amended motion." While Movant's brief does not include a timeliness statement in accordance with this rule, it does include, in its jurisdictional statement, the relevant facts and record citations allowing us to verify that his pro se and amended PCR motions were timely filed. Specifically, the record reveals that the pro se PCR motion was filed on February 7, 2020, but was stayed while Movant's sentences were under habeas review; the pro se PCR motion ultimately became effective when Movant's sentences were executed on October 26, 2020; post-conviction counsel entered an appearance on March 27, 2020; and timely filed the plea transcript and amended PCR motion on August 16, 2021. Because the State agrees that Movant's PCR motions were timely filed, and the State did not raise any objection to Movant's brief under Southern District Special Rule 20(a), we will review Movant's points on appeal *ex gratia*.

4

allegations include, defense counsel failed to show Movant a video from a police body camera ("the body cam video") where "a child witness confirmed that another individual—Jaylon Ross—was at the victim's home right before [Movant] got there"; as a result, Movant's pleas were "unknowing and involuntary"; and "[b]ut for plea counsel's ineffective assistance, [Movant] would not have pled guilty."

At the evidentiary hearing, the motion court took judicial notice of the underlying case files and admitted the deposition transcripts of Movant, McKenzie, and Grobmyer. In its resulting judgment, the motion court denied both of Movant's IAC claims, concluding Movant neither proved that the performance of counsel was deficient nor that Movant was prejudiced as a result. Movant timely appeals.

## Discussion

Movant presents two points, each one addressing a separate IAC claim. Movant's contentions, generally, are that he "proved, by a preponderance of the evidence," his IAC claims; and, therefore, the motion court's denial of those claims was erroneous. Movant's supporting arguments all essentially amount to a single false premise—Movant argues the motion court should have accepted his deposition testimony and rejected Grobmyer's deposition testimony. This premise fails because it contravenes our standard of review.

We begin and end our discussion with the *Strickland* performance prong. *See Anderson*, 66 S.W.3d at 775. The motion court found, and the record supports, that Grobmyer testified "he discussed the plea offers from the State with Movant" and "he reviewed the discovery and additionally reviewed it with Movant, including the [body cam] video." In each case, the motion court found Grobmyer's testimony "to be credible, convincing and truthful." Although Movant presented contrary testimony, the motion court rejected this testimony, finding it to be "incredible, untruthful, and of no merit."

5

"In the PCR setting, the general rule is that determinations concerning credibility are *exclusively* for the motion court and it is free to believe or disbelieve *any* evidence, whether contradicted or undisputed." ***Durst v. State***, 584 S.W.3d 817, 821 (Mo.App. 2019) (internal quotation marks omitted). "Such deference, furthermore, has been applied in situations where, like here, testimony has been provided by way of deposition." ***Id.*** (citing ***Jeffcott v. State***, 551 S.W.3d 525, 533 (Mo.App. 2018); ***Steger v. State***, 467 S.W.3d 887, 892 (Mo.App. 2015)). "It is analytically futile to argue that a motion court should have found a witness credible when it did not—the motion court makes credibility determinations, not the appellate court." ***Cross v. State***, 454 S.W.3d 365, 369 (Mo.App. 2015).

Here, the credited testimony from Grobmyer supports the motion court's findings that counsel informed, and discussed with Movant, the plea offers and the body cam video. Against the advice of his counsel, however, Movant personally entered into a plea agreement with the State. Movant thus failed to demonstrate that he did not knowingly, intelligently, and voluntarily choose to plead guilty. Movant's reliance on his own, self-serving testimony to the contrary is not availing, as the motion court was free to reject it. Movant presents no authority suggesting we need not defer to the motion court's credibility determinations and, as so constrained, we find no clear error by the motion court in denying Movant's IAC claims. Movant's first and second points are denied.

### Decision

The motion court's judgment is affirmed.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS