

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

SAMANTHA L. MARTINEZ,    ) No. ED112033
                        )
        Appellant,       ) Appeal from the Circuit Court
                        ) of the St. Francois County
v.                      ) Cause No. 21SF-CC00173
                        )
STATE OF MISSOURI,       ) Honorable Wendy Wexler-Horn
                        )
        Respondent.      ) Filed: October 1, 2024

### Introduction

Samantha L. Martinez ("Movant") appeals the motion court's judgment denying her Rule 24.035 amended motion for post-conviction relief following an evidentiary hearing.[1] She argues the motion court clearly erred in denying her amended motion because trial counsel was ineffective for failing to correct Movant's mistaken belief regarding the percentage of her sentence she would have to serve after pleading guilty. We affirm the judgment of the motion court.

### Background

*Facts*

On June 23, 2020, Movant was in possession of a Ford F-350 truck that had been stolen from Kansas City, Missouri. When a police detective attempted to stop her, she drove away at

---

[1] All Rule references are to the Missouri Supreme Court Rules (2023), unless otherwise indicated.

1

speeds up to 110 miles per hour, swerved into oncoming traffic, and drove directly at a motorcyclist.[2] Then, Movant suddenly stopped, turned, and drove the truck directly at the detective in his law enforcement vehicle.

*Procedural History*

Movant was charged by information with: assault in the second degree – special victim; tampering with a motor vehicle in the first degree; assault in the second degree; and resisting arrest by fleeing. After Movant was charged, plea counsel entered his appearance on Movant's behalf. In the intervening months, plea counsel and Movant met around three times. Pursuant to a plea agreement, Movant pled guilty to tampering with a motor vehicle, assault in the second degree, and resisting arrest. Additionally, Movant entered an *Alford* plea on the charge of assault in the second degree – special victim.[3]

After she was sentenced, Movant filed a *pro se* motion for post-conviction relief under Rule 24.035. The motion court appointed counsel, and counsel timely filed an amended motion. The amended motion claimed that Movant was denied the right to effective assistance of counsel because plea counsel "fail[ed] to inform Ms. Martinez that she is required to serve 85% of her eight-year sentence on the assault in the second degree count (Count I) because of the special victim designation after being specifically asked by Ms. Martinez about the percentages she is required to serve on her sentences." The amended motion further represented that, prior to her guilty plea, Movant, believing she would serve only 40 percent of her sentence before becoming

---

[2] The personal identifying information of witnesses has been omitted pursuant to RSMo § 509.520 (Supp. 2023).

[3] In *North Carolina v. Alford*, the United States Supreme Court held that the Constitution allows a criminal defendant to enter a plea of guilty without admitting guilt, if there is overwhelming evidence of his guilt. 400 U.S. 25, 37–39 (1970). Though Missouri judges are not required to accept an *Alford* plea, *State v. Williams*, 937 S.W.2d 330, 333–34 (Mo. Ct. App. E.D. 1996), they may grant an *Alford* plea, *Washington v. State*, 598 S.W.3d 656, 663 n.10 (Mo. App. E.D. 2020).

eligible for parole, asked plea counsel about the percentages she would have to serve, and plea counsel responded that he "did not know because the Department of Corrections decides what percentages she will serve taking into account her remands and the percentages 'change all the time.'"

The motion court held an evidentiary hearing, at which both plea counsel and Movant testified. Plea counsel testified it was possible Movant had asked him about what percentage of time she would have to serve, but he was unsure whether that occurred. He was sure that Movant was concerned about the minimum percentage of her sentence to be served based on her prior convictions. Plea counsel did not remember advising her of the special victim designation or of its consequences regarding the time she would have to serve. He was unsure how Movant concluded that she would have to serve only 40 percent of her sentence and did not recall giving her that impression.

Movant testified that plea counsel advised her that the amount of time she would have to serve depended on her "remand," but that he would have to get back to her about that question. Movant claimed, "He said since I was a prior and persistent offender I'd have to serve 40 percent no matter what."

The motion court denied Movant's amended motion. The court found Movant's testimony that plea counsel affirmatively misrepresented to her that she would serve only 40 percent of her sentence not credible. The court observed that plea counsel "never testified that he gave Movant incorrect information about the percentage of her sentence she would need to serve." Also, the motion court noted that this claim of affirmative misrepresentation was not raised in Movant's amended motion. Since the motion court did not believe that Movant was misinformed, and any failure of counsel to inform Movant of her eligibility for parole would be only a collateral

3

consequence of the plea, Movant's decision to accept the plea was not involuntary. Thus, plea counsel was not ineffective, and the motion court denied Movant's amended motion.

Movant now appeals.

### Standard of Review

"Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). To be clearly erroneous, a trial court's decision must leave the appellate court "with a definite and firm conviction a mistake has been made." *State v. Smulls*, 935 S.W.2d 9, 15 (Mo. banc 1996). This Court does not review an *Alford* plea any differently than a guilty plea under Rule 24.035. *Steger v. State*, 467 S.W.3d 887, 890 (Mo. App. E.D. 2015).

"The credibility of witnesses is the province of the circuit court in post-conviction relief proceedings." *Miller v. State*, 260 S.W.3d 393, 396 (Mo. App. W.D. 2008) (citing *Benton v. State*, 128 S.W.3d 901, 904 (Mo. App. W.D. 2004)). This Court defers to credibility determinations of the motion court. *Bey v. State*, 272 S.W.3d 378, 384 (Mo. App. E.D. 2008) (citing *Hubbard v. State*, 31 S.W.3d 25, 34 (Mo. App. W.D. 2000)).

Missouri courts apply the *Strickland* test for post-conviction review claims of ineffective assistance of counsel. *See Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). To prevail on such a claim, the movant must show by a preponderance of the evidence that (1) her counsel's performance was deficient, and (2) this deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The movant must overcome a strong presumption that counsel's conduct was reasonable and effective to meet the first prong of the *Strickland* test." *Smith v. State*, 370 S.W.3d 883, 886 (Mo. banc 2012) (citing *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009)). To meet this burden, the movant "must point to 'specific acts or omissions of counsel that, in light

of all the circumstances, fell outside the wide range of professional competent assistance.'" *Smith*, 370 S.W.3d at 886 (quoting *Zink*, 278 S.W.3d at 176). To satisfy the prejudice prong, "a movant must show a reasonable probability that, but for counsel's errors, he would have pleaded not guilty and demanded a trial." *Steger*, 467 S.W.3d at 891 (citing *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005)). If the movant fails to satisfy either the performance prong or the prejudice prong of the *Strickland* test, the claim fails, and we need not address the other prong. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

**Discussion**

In her only point on appeal, Movant argues the motion court clearly erred in denying her amended motion because trial counsel was ineffective for failing to correct Movant's mistaken belief that she would have to serve only 40 percent of her sentence before becoming eligible for parole.

"[A] guilty plea must be . . . voluntary . . . , and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Hefley v. State*, 626 S.W.3d 244, 249 (Mo. banc 2021) (quoting *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997)) (internal quotations omitted). Thus, in cases involving assistance of counsel at a guilty plea, the question is whether counsel's allegedly deficient conduct affected whether movant voluntarily and knowingly entered a plea agreement. *Cook v. State*, 193 S.W.3d 378, 382 (Mo. App. S.D. 2006). The voluntariness of a plea that is taken based on counsel's advice "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hefley*, 626 S.W.3d at 249 (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)) (internal quotations omitted).

Counsel is not required to advise his client on matters collateral to the plea, and parole eligibility is a matter collateral to the plea. *Webb v. State*, 334 S.W.3d 126, 129 (Mo. banc 2011).

That said, a defendant's mistaken belief regarding parole eligibility is not a collateral matter if it is reasonable and based on a "positive representation upon which the movant is entitled to rely." *Hefley*, 626 S.W.3d at 249–50 (quoting *Dorsey v. State*, 115 S.W.3d 842, 845 (Mo. banc 2003)) (internal quotations omitted).

To the extent Movant claims on appeal, as she did in her testimony at the motion hearing, that plea counsel affirmatively misinformed her that she would have to serve only 40 percent of her sentence, that claim was not raised in her Rule 24.035 amended motion. Instead, Movant's claim in her amended motion was that plea counsel *failed* to inform her that she was required to serve 85 percent, as opposed to only 40 percent, of her sentence. "Rule 24.035 . . . requires that all issues be preserved in motions for relief under Rule 24.035 or they are waived. Plain error review, therefore, does not apply on appeal to review of claims that were not raised in the Rule 24.035 motion." *Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010). This claim is waived.

Even if the claim were not waived, it would fail on its merits. The motion court did not believe Movant's testimony that counsel had affirmatively misinformed her that she would have to serve only 40 percent of her sentence. This credibility finding was based on the absence of that claim from Movant's Rule 24.035 amended motion and plea counsel's testimony that he did not recall advising Movant of a percentage, he never testified to giving Movant incorrect information, and he did not give Movant a specific date of release. Also, contrary to her testimony at the motion hearing, Movant testified at her plea hearing that she did not rely on any promise or representation regarding the amount of time she would serve. We defer to the motion court's credibility determinations. *Bey*, 272 S.W.3d at 384. Thus, we would deny this claim even if Movant had preserved it in her Rule 24.035 amended motion.

That leaves us with Movant's similar, but distinct, claim that counsel failed to correct her mistaken belief that she would have to serve only 40 percent of her sentence. Movant raised this claim in her Rule 24.035 motion and thus preserved it for our review. More specifically, Movant's claim is that her belief that she would have to serve only 40 percent of her sentence was based on counsel's failure to tell her about the mandatory minimum of 85 percent for special victim designated crimes. Movant's claim that plea counsel simply failed to correct her mistaken belief is a matter collateral to Movant's plea and therefore does not render that plea involuntary. *Webb*, 334 S.W.3d at 129 (citing *Reynolds*, 994 S.W.2d at 946). Accordingly, counsel's assistance was not ineffective, and Movant's point fails.

Point I is denied.

## Conclusion

We affirm the judgment of the motion court denying Movant's Rule 24.035 amended motion.

_____
Cristian M. Stevens, J.

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.

7