

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| MARLO R. JAMES, | ) | No. ED111919 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | 2111-CC00702 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Rebeca M. Navarro-McKelvey |
| | ) | |
| Respondent. | ) | Filed: December 10, 2024 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

## Opinion

The convictions underlying this Rule 24.035 post-conviction relief case arose from a September 16, 2019 incident in St. Charles County when a police officer pulled over Marlo R. James after observing James fail to maintain his vehicle in a single lane while driving on the interstate. After James failed a field sobriety test, the officer placed him under arrest and then found the illegal drug fentanyl on his person and two loaded firearms in his car.

The State charged James with the felonies of unlawful possession of a firearm and possession of a controlled substance and the misdemeanors of possession of a controlled substance and driving while intoxicated. James entered guilty pleas to these charges on January 26, 2021, and the trial court sentenced him to seven years on each felony charge and 120 days on each misdemeanor charge with all four sentences ordered to run concurrently.

James' sole point on appeal alleges the motion court erred in denying his Rule 24.035 motion after an evidentiary hearing because plea counsel was ineffective in informing James that he would be sentenced to a 120-day drug treatment program if he pleaded guilty to the State's charges against him and that James would have gone to trial had he not been thusly misinformed. We disagree and affirm because the motion court found credible plea counsel's testimony that he never promised James that he would be sentenced to the treatment program and further that the record reflects James knew his sentence was ultimately up to the plea court.

## Background

At James' January 26, 2021 plea hearing, the State recommended the same sentences the plea court later entered and took no position regarding whether James should be sentenced to the treatment program. James testified that he understood "that the final decision with regard to sentencing is the Court's and the Court's alone even if there's an agreement with the State." James further testified that no one coerced him or promised him anything to plead guilty.

At the March 9, 2021 sentencing hearing, plea counsel requested the trial court sentence James to the treatment program. After the trial court handed down its jail sentences instead, James testified he was fully and completely satisfied with plea counsel and that plea counsel explained James' charges to him and fully investigated his case.

Before going off the record, James asked to speak to the plea court. James reiterated his understanding that the trial court had the final decision as to his sentencing. James said that he waived his preliminary hearing and pleaded guilty because he believed if he did not waive that hearing the State would have taken a position against the treatment program. James then told the court regarding the gun charges "I would have took this case all the way to trial. I never would

have made no agreements to anything. Even though I know the drugs are mine, that gun wasn't mine. So I was willing to take the 15 years right now for the drugs because that[] was mine."

On August 9, 2021, James filed his pro se motion for post-conviction relief and on January 7, 2022, appellate counsel filed an amended motion for post-conviction relief and both asserted the issue James now raises. The motion court granted James' request for an evidentiary hearing. Plea counsel testified he told James that, based on his experience, the court usually orders the treatment program when the State takes no position on it but that he did not promise James anything. Plea counsel further testified he never tells any client that the treatment program is guaranteed.

For his part, James testified plea counsel told him that if he waived his preliminary hearing he would "certainly" get the treatment program. James testified he understood the State took no position on whether he would get the treatment program but that plea counsel's assurances were the only reason he pleaded guilty. James said he would have withdrawn his guilty plea if he knew the treatment program was not guaranteed. The motion court denied James' motion.

**Standard of Review**

We review a denial of a Rule 24.035 motion for post-conviction relief to determine solely whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Gurley v. State*, 314 S.W.3d 511, 514 (Mo. App. E.D. 2014). Clear error exists if review of the record as a whole leaves the Court with the firm and definite impression that a mistake has been made. *Id*. The motion court's findings are presumed to be correct. *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013).

3

To receive post-conviction relief on a claim of ineffective assistance of counsel, a movant must satisfy the two pronged *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668 (1984). The movant must establish by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) the movant was prejudiced as a result. *Taylor v. State*, 456 S.W.3d 528, 534 (Mo. App. E.D. 2015). If the movant fails to establish either prong, we need not consider the other and the ineffective assistance claim must fail. *Roberts v. State*, 535 S.W.3d 789, 797 (Mo. App. E.D. 2017).

**Discussion**

James' claim for ineffective assistance of counsel fails the first prong of the *Strickland* test because the record reflects plea counsel gave James no guarantee or promise that he would be sentenced to the treatment program and James entered his guilty plea voluntarily with a full understanding of the potential prison sentences he faced.

A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act. *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009) (citations omitted). A guilty plea is not made voluntarily if the movant was misled, or was induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill-founded. *Id*.

When a defendant pleads guilty, he generally waives any claim that counsel was ineffective. *Steger v. State*, 467 S.W.3d 887, 891 (Mo. App. E.D. 2015) (citing *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005)). In fact, the effectiveness of counsel becomes irrelevant except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Id*.

Turning to the record in this case, we find the motion court's credibility determinations, that plea counsel provided reliable testimony and James did not, erode James' claim on appeal. *See Voss v. State*, 570 S.W.3d 184, 196 (Mo. App. E.D. 2019) ("The motion court is free to believe or disbelieve the testimony of any witness given at an evidentiary hearing, including that given by the movant.").

First, counsel testified at the evidentiary hearing that he did not guarantee James would be sentenced to the treatment program but only advised him, based on thirty years practicing criminal law, that there was a good chance he would get treatment because the State took no position on the issue. Plea counsel testified to "a specific memory of sitting in a room with him [James] and telling him this [treatment] is not guaranteed."

Moreover, James' testimony that plea counsel guaranteed him treatment is belied by his later testimony that he understood sentencing would be up to the plea court. Further, at the sentencing hearing, James affirmed to the plea court that nobody had promised him anything before he pleaded guilty even though after he heard the sentences, he tried to renege by claiming he would have gone to trial if he had known the treatment program was not guaranteed. The venerable plea court found the statement that he would have gone to trial to be self-serving and we agree because it is incompatible with the evidence in the record demonstrating James knowingly and voluntarily entered his guilty pleas.

**Conclusion**

For the foregoing reasons, we affirm.

_____
James M. Dowd, Presiding Judge

Angela T. Quigless, J., and
Cristian M. Stevens, J., concur.

5